452 So.2d 308 (1984)
Justine Chanler McCOY, Plaintiff-Appellant,
v.
PHYSICIANS & SURGEONS HOSPITAL, INC., Et Al., Defendants-Appellees.
No. 16,290-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Writ Denied October 5, 1984.
Fayard & Snell by A.R. Snell, Bossier City, for plaintiff-appellant.
Mayer, Smith & Roberts by Charles L. Mayer, Shreveport, for defendants-appellees, Physicians & Surgeons Hosp., Inc. and Jean Stone.
*309 Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, for defendants-appellees, Dr. James L. Zum Brunnen.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
Plaintiff sued a doctor, a nurse, and a hospital for injuries to her sciatic nerve resulting in leg and foot pain, weakness, and disability, allegedly caused by the defendants' negligence while she was in the hospital for a disc operation. Plaintiff alleges that the injury was caused by the negligence of the nurse in giving her an injection which damaged the nerve, and by the negligence of the doctor in damaging the nerve in the course of the operation, in failing to supervise and instruct the nurse who gave the injection, and in failing to promptly recognize the problem and to promptly call in a neurological specialist to treat the injury.
The defendant doctor filed a motion for summary judgment, relying on depositions of the plaintiff, her husband, nurses, the defendant doctor, a neurosurgeon who examined and treated plaintiff, and an affidavit and attached reports of a neurologist who examined and treated plaintiff. In opposition to the motion, plaintiff relied on the same items and the original report submitted by the medical review panel which found that a question of fact existed as to the negligence and liability of all the defendants. A later report of the medical review panel found that there was no fault on the part of the defendant doctor.
The trial court, upon review of the depositions and reports, found that the nurse who allegedly gave the injection was an employee of the hospital and not of the doctor, and that the doctor was not legally responsible for the improper administration of the shot, if such was the case. The court also found that although plaintiff may be suffering from some residual disability normally associated with major back surgery, there is nothing in the record to indicate any action by the doctor led to the plaintiff's severe disability in her leg which is normally not associated with such back surgery. The court found res ipsa loquitur to be inapplicable. The motion for summary judgment was granted and the plaintiff appealed. We reverse and remand.
On appeal, plaintiff does not contend that the doctor is responsible for the nurse's negligence in giving the injection, nor does plaintiff contend that the doctor was negligent in his treatment or lack of treatment of plaintiff after the injury caused by the injection was discovered. Plaintiff contends only that the material offered in support of the motion for summary judgment does not preclude the possibility that the surgery performed by the defendant doctor was a factor, along with the injection, which contributed to plaintiff's injury and resulting disability. Consequently, plaintiff argues there remains a genuine issue of material fact as to the doctor's negligence during surgery being a contributory cause of plaintiff's injury, and summary judgment is inappropriate.
The material presented in support of the motion for summary judgment indicates that the plaintiff's injury to her sciatic nerve was caused by an injection in the plaintiff's buttocks given by a nurse several hours after the surgery. The deposition testimony of the plaintiff and her husband is that she experienced severe pain in the buttocks and down her left leg at the time of the injection. The neurologist and the neurosurgeon, both of whom examined and treated plaintiff over an extended period of time, were of the opinion that her injury was caused by the injection. The neurosurgeon was of the opinion her injury was not caused by the surgery. He opined that had the nerve been damaged during surgery other complications which were not present here would have resulted. Both doctors acknowledged that plaintiff did have residual effects of the disc disease and surgery which were part of the problems which she experienced after the surgery. Both doctors relied in part on the history given to them by plaintiff and others in forming their opinions.
*310 Summary judgment shall be granted when the pleadings, depositions, admissions, and affidavits disclose that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Supporting and opposing affidavits shall be made on personal knowledge. LSA-C.C.P. Art. 967. That portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment. Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed. See Nelson v. Marrus, 343 So.2d 740 (La. App. 2d Cir.1977); McWhiney v. Travelers Ins. Co., 343 So.2d 736 (La.App. 2d Cir. 1976); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3d Cir.1971); Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App. 3d Cir.1974). In all of the cited cases, the appellate courts reversed summary judgments granted on motions supported by affidavits or depositions of doctors expressing medical opinions.
All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion in favor of trial on the merits. Summary judgment may not be used as a substitute for trial. If there is any doubt concerning an absence of dispute as to a material fact, a motion for summary judgment must be denied and the matter resolved in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973).
Although the depositions and reports filed in this case cast great doubt that the plaintiff can meet her burden of proving negligence on the part of the defendant doctor which was a cause of her injury and resulting pain and disability, summary judgment is not appropriate. To the extent that the depositions and reports of the doctors express opinions as to the cause of the nerve injury and damage and the relationship of the surgery to the damage, they are not based on personal knowledge and may not be considered in ruling on a motion for summary judgment, although the doctors' opinions would be admissible and would constitute probative evidence at trial. Consideration of the opinion evidence calls for a type of evaluation the trier of fact properly engages in only during or following a trial on the merits. Absent consideration of the statements of opinion by the doctors, it cannot be said that there is an absence of any doubt as to a dispute concerning the material fact of causation of the nerve damage and its relationship to the surgery performed by the defendant doctor. Therefore, the defendant doctor is not entitled to judgment as a matter of law and summary judgment is not appropriate in this case.
For the reasons assigned, we reverse the summary judgment granted by the district court, overrule the motion for summary judgment, and remand the action to the district court for further proceedings.
Reversed and remanded.