LANIER, Judge.
This action is a suit for damages in tort asserting a products liability cause of action. The defendant filed a motion for a summary judgment asserting, among other things, that the facts were uncontested and showed that the sole cause of the accident was victim fault. The trial court agreed and rendered a summary judgment in the defendant’s favor. The plaintiffs took this devolutive appeal.
PACTS
Thomas Wayne Russell purchased a used Sears, Roebuck and Company (Sears) 1974 12-inch Craftsman table saw in 1981. He used the saw, along with a variety of other tools, in his sawmill business. The sawmill specializes in the restoration and refinishing of old wood.
On or about October 28, 1986, Russell prepared to cut approximately 30 garden stakes with the saw. Before beginning, he folded the blade guard back to prevent small pieces of wood from becoming lodged between the blade and the inside of the guard. After completing about 20 cuts, Russell cut a stake and was getting ready to begin another, when he noticed the table insert had popped out of position about ⅛ of an inch. Without turning the machine off, and while the saw blade was still rotating and unguarded, Russell reached around the saw with his left hand to push the insert back into position. As the insert snapped back into position, his hand slipped into the blade, causing injury to his left thumb and index, middle, and ring fingers.
PROPRIETY OF SUMMARY JUDGMENT
(Assignments of error 1, 2, 3, 4, 5, 6 and 7)
The trial court gave the following reasons for granting the summary judgment:
The Court finds that summary judgment is appropriate in this case since there is no genuine issue of disputed material fact pertaining to the manner in which this accident occurred. It is undisputed that while plaintiff, Thomas Wayne Russell, was operating the subject Sears table saw, the table saw insert popped up out of place approximately one-eighth of an inch. At that time, plaintiff then reached around the rear of the saw blade (which was unguarded due to plaintiff’s having folded back the overhead guard) and without stopping the saw attempted to repair the saw by pushing the table top insert into place. As plaintiff was attempting this repair, his hand came into contact with the rear side of the saw blade.
In light of these undisputed facts, the Court finds that causation of this accident and plaintiff’s injuries is solely due to plaintiff’s own actions.
The appellants assert the trial court erred in granting Sears’ motion for summary judgment because (1) it applied the doctrine of superseding and intervening cause [1] to the actions of Mr. Russell, (2) it based its judgment on a contested and genuine issue of material fact (causation), (3) it held that Mr. Russell’s actions were the sole cause of his injuries, (4) it failed to hold that Sears’ negligence in designing and/or manufacturing the saw was a cause of Mr. Russell’s injuries, and (5) it found victim fault was applicable to this case.
The law applicable to summary judgments is set forth in Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-384 (La.App. 1st *1095 Cir.1990) (under docket number 89-CA-1513) as follows:
SUMMARY JUDGMENT
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
B. ... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
LSA-C.C.P. art. 967 provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
In McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308 (La.App. 2nd Cir.), writ denied, 457 So.2d 1194 (La.1984), the court stated:
That portion of an affidavit or deposition not based on personal knowledge should not be considered in deciding a motion for summary judgment. Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed....
452 So.2d at 310. This court in Brock v. Newman, 543 So.2d 84 (La.App. 1st Cir.), writ denied, 548 So.2d 1251 (La.1989), followed the approach set forth in McCoy.
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.... The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment war-ranted_ Under LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by affidavits ....
On motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on *1096 the allegations contained in his or her pleadings....
In certain instances, the failure of an adverse party to file counter-affidavits does not automatically entitle the moving party to summary judgment_ However, if the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to set forth specific facts showing that there is a genuine issue for trial....
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover_ In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits.... (Citations omitted)
The accident herein occurred on October 28, 1986, and, thus, the rights and obligations of the parties are controlled by the jurisprudence as expressed in Halphen v. Johns-Manville Sales Corporation, 484 So.2d 110 (La.1986), rather than by the Louisiana Products Liability Act, Acts 1988, No. 64, effective September 1, 1988. An essential element of a strict products liability cause of action under Halphen is that “the harm resulted from [was caused by] the condition of the product”, Halphen, 484 So.2d at 113. Further, the risk which caused Mr. Russell’s injuries must be within the ambit of the protection of the duty owed by Sears.
The plaintiffs contend that the defective table insert of the Sears table saw was a legal cause of Mr. Russell’s injuries. This contention is simply without merit. The uncontested facts show Mr. Russell’s injuries were caused solely by his own gross fault in (1) operating the table saw without the overhead guard and (2) attempting to repair the table insert while the saw was in operation. Although Sears owed a duty to Mr. Russell to market a product that was not unreasonably dangerous to normal use, this duty did not protect against the risk that Mr. Russell would harm himself by his own gross fault. See, for example, Lang v. Cage, 554 So.2d 1312 (La.App. 1st Cir.1989), writ denied, 558 So.2d 605 (La.1990); Burge v. City of Hammond, 509 So.2d 151 (La.App. 1st Cir.), writ denied, 513 So.2d 285 (La.1987); Hessifer v. Southern Equipment, Inc., 416 So.2d 368 (La.App. 1st Cir.), writ denied, 420 So.2d 982 (La.1982). The trial court was correct as a matter of fact and law.
These assignments of error are without merit.
FAILURE TO GRANT CONTINUANCE FOR ADDITIONAL DISCOVERY
(Assignment of error 8)
The appellants assert “the trial court erred in refusing to permit plaintiffs to conduct discovery prior to the trial court’s ruling on Sears’ motion for summary judgment”.
This suit was filed on November 10, 1987. Sears filed its motion for summary judgment on March 30, 1989. Attached to the motion are (1) a statement of uncontested facts, (2) the 158 page deposition of Mr. Russell taken on February 11, 1988, and (3) a 30 page owners manual on the Sears table saw. On April 5, 1989, the trial court fixed a hearing on the motion for summary judgment for May 12, 1989. On May 8, 1989, the plaintiffs filed a motion to continue the trial of the motion for summary judgment asserting additional discovery was needed because “Sears provided perfunctory and incomplete answers to the interrogatories and, in response to the requests for production of documents, Sears ‘deferred’ responses for some mysterious reason.” The plaintiffs contended the additional discovery would allow them “to discover the reasons for the subsequent design modification of the table insert in question, the exact nature of that modification, Sears’ knowledge of any defects inherent in the original design of the table insert, Sears’ compliance vel non with applicable standards and regulations regarding manufacture, design and warnings relevant to the table saw at issue, and the existence of any other claims or lawsuits involving table inserts on the model saw in *1097 question” and “will also show whether Sears was aware of alternative, safer designs on similar saws produced by other manufacturers.” The trial court did not grant the continuance.
The Louisiana Code of Civil Procedure provides the mechanism with which a court may grant or deny a motion to continue. La.C.C.P. art. 1602 provides as follows:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
When the conditions of La.C.C.P. art. 1602 are met, the granting of a continuance is mandatory. Heaton v. Gulf International Marine, Inc., 536 So.2d 622 (La.App. 1st Cir.1988); Every v. City of New Orleans, 514 So.2d 556 (La.App. 4th Cir.), writ denied, 515 So.2d 1111 (La.1987). La.C.C.P. art. 1601 provides as follows:
A continuance may be granted in any case if there is good ground therefor. Under this article, a continuance rests within the sound discretion of the trial court. Heaton v. Gulf International Marine, Inc., 536 So.2d at 625; Sparacello v. Andrews, 501 So.2d 269 (La.App. 1st Cir.1986), writ denied, 502 So.2d 103 (La.1987). A trial court must look to the facts of each case when a motion to continue is requested. The facts a trial court must consider before granting a continuance are diligence, good faith and reasonable grounds. Sparacello v. Andrews, 501 So.2d at 273.
A trial court has wide discretion in acting upon a continuance. Its ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974); Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972); Sparacello v. Andrews, 501 So.2d at 274.
The subject matter of the additional discovery sought by the appellants was irrelevant to the issue upon which the trial court granted the summary judgment. The additional discovery pertained to the issue of whether or not the table saw was defective. The trial court held, and we agree, that under the undisputed facts of the case, the sole cause of Mr. Russell’s (the victim’s) injuries was his own gross fault. Even if the table saw was defective, the defect was not the legal cause of the injuries and the risk was not within the ambit of the protection of the duty; in this posture, the subject matter of the additional discovery was irrelevant. The trial court did not abuse its discretion in refusing to grant the continuance.
This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The appellants are cast for the cost of this appeal.
AFFIRMED.
MARY ANN VIAL LEMMON, J. Pro Tem., dissents and assigns reasons.

. Assignment of error number 2 contends the trial court erred in applying the doctrine of superseding and intervening cause. The trial judge stated in his oral reasons for judgment: "There was clearly an intervening item and that was the actions of the plaintiff."