748 So.2d 473 (1999)
E. Adelle SIMMONS
v.
Dr. Charles M. BERRY, Dr. William G. Black and Louisiana Medical Mutual Insurance Co.
No. 98 CA 0660.
Court of Appeal of Louisiana, First Circuit.
September 3, 1999.
Rehearing Denied November 30, 1999.
*474 John Calmes, Jr., Harry Shoemaker, III, Baton Rouge, for Plaintiff-Appellant E. Adelle Simmons.
Vance A. Gibbs, Bradley C. Myers, Baton Rouge, for Defendants-Appellees Dr. Charles M. Berry, Dr. William G. Black and Louisiana Medical Mutual Ins. Co.
Before: CARTER, SHORTESS, LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS, KUHN, GUIDRY, WEIMER, and PETTIGREW, JJ.
FOGG, J.
In this medical malpractice case, at issue on appeal is whether or not various types of evidence were properly before the court on a motion for summary judgment. For the following reasons, we affirm the trial court's granting of summary judgment and the dismissal of the plaintiff's suit.
In 1985, E. Adelle Simmons experienced abdominal pain in the left lower quadrant and sought the medical care of Dr. Rick Staggers. Dr. Staggers determined that the pain was most likely due to a problem with one of her ovaries. Medication prescribed by Dr. Staggers resolved the pain for approximately two years. In May or June of 1987, Ms. Simmons again began to experience the same type of pain she had experienced in 1985. She consulted Dr. Charles M. Berry. After conservative measures were unsuccessful in controlling Ms. Simmons' pain, she agreed to corrective surgery.
On July 20, 1987, Ms. Simmons underwent a left salpingo-oophorectomy with excision of varicosities in the left infundibulopelvic ligament and right ovarian cystectomy (the removal of the left fallopian tube and ovary and the removal of a cyst of the right ovary). Dr. Berry performed the surgery, with Dr. William G. Black assisting. The next day, July 21, 1987, a pathological examination revealed that a section of Ms. Simmons' left ureter, approximately 1.5 centimeters in length, had been removed during surgery. Ms. Simmons underwent corrective surgery on July 21, 1987, and was discharged from the hospital on July 28, 1987.
Ms. Simmons filed a medical malpractice claim pursuant to LSA-R.S. 40:1299.47 on July 18, 1988, alleging that Drs. Berry and Black were negligent and their actions violated *475 the applicable standard of medical care during the surgery by inflicting the ureteral injury, by failing to recognize that the injury had occurred, and by failing to have it corrected. The medical review panel rendered its opinion, that neither Dr. Berry nor Dr. Black deviated from the standard of care, on December 12, 1989. Thereafter, on March 8, 1990, Ms. Simmons filed suit against Drs. Berry and Black and their insurer, Louisiana Medical Mutual Insurance Company.
In April of 1990, the defendants propounded interrogatories and requests for production of documents to the plaintiff seeking, among other information, the name(s) of any experts who would be relied on by the plaintiff to establish that the defendant doctors had deviated from the appropriate standard of care. In her answers to the interrogatories, Ms. Simmons identified Dr. Ruary C. O'Connell as her only expert. In March of 1992, the defendants deposed Dr. O'Connell. No other discovery was conducted.
On August 14, 1997, the defendants filed a motion for summary judgment. A hearing was scheduled for October 20, 1997. After hearing the arguments and reviewing the exhibits submitted by the parties, the district court granted the motion for summary judgment, dismissing the plaintiff's claim. Ms. Simmons appeals that judgment.
An appellate court's review of a summary judgment is a de novo review based upon the evidence presented at the trial court level and using the same criteria used by the trial court in deciding whether a summary judgment should be granted. J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. See Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1 Cir. 9/19/97), 700 So.2d 951, writ denied, 97-2585 (La.12/19/97), 706 So.2d 463.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
The applicable substantive law determines the materiality of facts in a summary judgment setting. See Colver v. Travelers Ins. Companies, 95-1696 (La. App. 1 Cir. 11/8/96), 685 So.2d 179, writ denied, 96-2928 (La.2/21/97), 688 So.2d 516. To prevail in a medical malpractice case, the plaintiff must establish the standard of care applicable to the charged physician, a violation by the physician of that standard of care, and a causal connection between the physician's alleged negligence and the plaintiff's injuries resulting therefrom. LSA-R.S. 9:2794(A). Generally, a plaintiff must introduce an expert witness to testify with regard to a violation of the standard of care unless the "defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts." Pfiffner v. Correa, 94-0924, 94-0963, 94-0992, p.8 (La.10/17/94), 643 So.2d 1228, *476 1230. Considering the complexity of the surgical procedure utilized in this case, it would have been impossible for a lay jury to infer negligence from the facts. Therefore, expert testimony was necessary for the plaintiff to carry her burden of proof.
In support of their motion for summary judgment, the defendants placed into evidence an uncertified copy of the opinion of the medical review panel. In the case of Robertson v. Northshore Regional Medical Center, 97-2068 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, this court determined that such evidence is inadmissible in summary judgment litigation because it is not certified, is not an affidavit or sworn to in any way, and is not attached to an affidavit as required by LSA-C.C.P. art. 967.
The defendants assert LSA-R.S. 40:1299.47(H) constitutes an exception to the requirements of LSA-C.C.P. art. 967 and extends the admissibility of a report by a medical review panel to use in summary judgment proceedings in medical malpractice cases. LSA-R.S. 40:1299.47(H) provides as follows:
H. Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this Part. (Emphasis ours).
LSA-C.C. art. 13 provides that laws on the same subject matter must be interpreted in reference to each other and requires courts to harmonize and reconcile statutes, if possible. In re First Columbia Life Ins. Co., 97-1083 (La.App. 1 Cir. 9/29/98), 724 So.2d 790, writ denied, 98-2789 (La.1/8/99), 734 So.2d 1222. However, when two statutes do conflict, the statute that is more specifically directed to the matter at issue prevails as an exception to the statute that is more general. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
We find no conflict between Code of Civil Procedure articles 966 and 967 and LSA-R.S. 40:1299.47(H). The language contained in Title 40 simply allows the use of the expert opinion reached by a medical review panel in any action brought before a court of law, but provides that such evidence will not be conclusive. Either party has the right to call any member of the medical review panel as a witness. Accordingly, when read together, Code of Civil Procedure articles 966 and 967, and LSA-R.S. 40:1299.47(H) provide that the opinions of the medical review panels are admissible in court proceedings where there is live testimony. LSA-R.S. 40:1299.47(H) does not in any way broaden the avenues available to medical malpractice litigants utilizing summary judgment proceedings, where there is no opportunity for cross examination. If presented in affidavit form or by attachment to an affidavit, article 967 precludes their use in support of or opposition to a motion for summary judgment, because they are not based on personal knowledge. The opinion of a member of the medical review panel could be introduced in a summary judgment proceeding if it was presented in the form of a deposition.
In sum, the opinion of the medical review panel submitted in this case cannot be relied on in support of the defendants' motion for summary judgment. It does not fall within any of the categories listed in LSA-C.C.P. art. 966 as evidence properly considered on a motion for summary judgment. If presented in the form of an affidavit, the opinion of the medical review *477 panel would still not be admissible as it is not based on personal knowledge.
The movers also placed into evidence the deposition of a physician identified by the plaintiff as her expert, Dr. Ruary O'Connell. Article 966 provides for the consideration of "pleadings, depositions, answers to interrogatories, and admissions on file" in summary judgment litigation. Article 967 does not require that these types of evidence be based on personal knowledge. Therefore, the use of opinion testimony in the form of deposition testimony is not precluded by Article 967. Such is admissible in all summary judgment litigation and was properly considered on the defendants' motion for summary judgment.
In his deposition testimony, Dr. O'Connell testified that he could not state that either defendant doctor had breached the standard of care. Therefore, Dr. O'Connell's testimony did not support the plaintiff's assertion that the doctors deviated from the standard of care. With this evidence, the movers successfully showed an absence of factual support for one of the essential elements of the plaintiff's case and the burden shifted to the plaintiff to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial.
In opposition to the motion for summary judgment, the plaintiff placed into evidence the affidavit of Dr. Michael T. Valley. Therein, he testified that he is licensed to practice medicine in the State of Florida and is certified by the American Board of Obstetrics and Gynecology. His affidavit, however, was based on a review of Ms. Simmons' medical records. As discussed fully above, affidavits not based on personal knowledge are not properly before the court on a motion for summary judgment. See LSA-C.C.P. art. 967. Therefore, the plaintiff failed to show that she could satisfy her evidentiary burden at trial and summary judgment was properly granted in favor of the defendants.
In reaching this result, we overrule the cases of Harris v. Landry, 97-0525 (La. App. 1 Cir. 4/8/98), 734 So.2d 1 and Miceli v. Armstrong World Industries, 96-1134 (La.App. 1 Cir. 3/27/97), 691 So.2d 283, writs denied, 97-1110, 97-1090 (La.6/13/97), 695 So.2d 980, 985, to the extent they conflict with the above analysis.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to the appellant, E. Adelle Simmons.
AFFIRMED.
LeBLANC, GONZALES and WEIMER, JJ., concur and assign reasons.
FITZSIMMONS, J., concurs in the result, and assigns reasons.
KUHN, J., dissents and concurs in the dissent of SHORTESS, J.
SHORTESS, J., dissents and assigns reasons.
GUIDRY, J., dissents and subscribes to and adopts the reasons assigned by SHORTESS, J.
PETTIGREW, J., dissents for reasons assigned by SHORTESS, J., and assigns additional reasons.
WHIPPLE, J., dissents for the reasons assigned by SHORTESS and PETTIGREW, JJ.
FOIL, J., dissents with statement.
LeBLANC, J., Concurring.
I respectfully concur. I agree with the majority opinion that deposition testimony of an expert is admissible in support of a motion for summary judgment. However, for the reasoning detailed below, I would also expand this holding to allow the opinions of medical review panels to be introduced in support of, or in opposition to, a motion for summary judgment.
In a medical malpractice action, the plaintiff has the burden of proving the *478 applicable standard of care, the breach of that standard, and that the substandard care caused an injury that the plaintiff otherwise would not have suffered. La. R.S. 9:2794(A); Robertson, 97-2068 at 7, 723 So.2d at 464. The medical review panel is a body of experts assembled to evaluate the plaintiff's claim and to provide the courts and the parties with an expert opinion. Derouen v. Kolb, 397 So.2d 791, 794-95 (La.1981).
La. R.S. 40:1299.47(H) provides that any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by a claimant in a court of law. However, generally a medical review opinion is not based on the type of personal knowledge contemplated and required by La. C.C.P. art. 967. Thus, there exists substantial conflict in our jurisprudence regarding whether the opinion and reasons of a medical review panel are accepted as admissible evidence in support of a motion for summary judgment in medical malpractice actions. See Pope v. Younger Bros., Inc., 96-1604 (La.App. 1 Cir. 5/9/97), 693 So.2d 1287; Miceli v. Armstrong World Industries, 96-1134 (La.App. 1 Cir. 3/27/97), 691 So.2d 283, writs denied, 97-1090, 97-1110 (La.6/13/97), 695 So.2d 985, 980; Bockman v. Caraway, 29,436 (La.App. 2 Cir. 4/2/97), 691 So.2d 815, Stevens v. Bernard, 95-1010 (La.App. 3 Cir. 1/31/96), 670 So.2d 264 (each holding the expert opinion evidence not based on personal knowledge inadmissible for purposes of summary judgment), cf. Guillory v. Dr. X, 96-85 (La.App. 3 Cir. 8/28/96), 679 So.2d 1004; Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4 Cir.1993); Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48 (each holding expert opinion evidence admissible for summary judgment purposes); see also, Maraist & Lemmon, 1 Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p. 143-144 (1999); Maraist, 19 Louisiana Civil Law Treatise, Evidence and Proof, § 2.5, p. 17-19 (1999).
We have generally followed the rule that expressions of an expert's opinion are inadmissible to support a motion for summary judgment. See Pope, 96-1604 at 4-5; 693 So.2d at 1289; Miceli, 96-1134 at 10; 691 So.2d at 289. However, these decisions were based in part on our summary judgment law as it existed prior to recent amendments which substantially changed the law. Furthermore, the language of La. R.S. 40:1299.47(H) has been interpreted as requiring those reports to be admissible in support of a motion for summary judgment. Thus, there is an apparent conflict between the two statutes. As we noted in Robertson, 97-2068 at 10; 723 So.2d at 466, n. 3:
This potentially creates a procedural quagmire for the medical malpractice claimant. If, as in this case, the medical review panel opinion states the physician defendant did not breach the applicable standard of care, and if this report must be admissible in support of the defendant's motion for summary judgment, the burden shifts to the plaintiff to demonstrate the existence of a genuine issue of material fact. In most cases, this burden could only be met by contrary opinion testimony from another medical professional. But if opinion testimony is not admissible to support or oppose a motion for summary judgment, the plaintiff usually will not be able to meet that burden. However, there may be avenues other than those utilized by the other appellate courts in interpreting the meaning and effect of LSA-R.S. 40:1299.47(H). For example, perhaps LSA-R.S. 40:1299.47(H) and the pertinent summary judgment laws can be read together to conclude that no conflict exists; rather, the language of LSA-R.S. 40:1299.47(H) does not extend the admissibility of a report by a medical review panel to use in summary judgment proceedings. The more farreaching possibility that expert opinion evidence should be admissible in all summary judgment litigation must also be considered in the appropriate case.
*479 In Robertson, we found the medical review panel opinion presented in support of the motion for summary judgment was not in proper form; therefore, it was inadmissible on that basis, and we did not reach the more problematic evidentiary issue discussed above. Robertson, 97-2068 at 9-10, 723 So.2d at 466.
The recent amendments to our summary judgment procedure were aimed at eliminating the jurisprudential inclination against granting summary judgments and statutorily overruling all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. See Acts 1997, No. 483. The amendments also serve to bring Louisiana's standard for summary judgment closely in alignment with Federal Rules of Civil Procedure, Rule 56. Gardner v. Louisiana State University Medical Center in Shreveport, 29,946, p.2 (La.App. 2 Cir. 10/29/97), 702 So.2d 53, 55. In light of this purpose, we are influenced, as was the court in Gardner, 29,946 at 4, 702 So.2d at 56, by federal jurisprudence that has consistently allowed consideration of opinion affidavits, not based on personal knowledge, from physicians in support of motions for summary judgment. See Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014 (5th Cir.1993), cert. denied, 508 U.S. 956, 113 S.Ct. 2456, 124 L.Ed.2d 671 (1993); Jones v. Wike, 654 F.2d 1129 (5th Cir.1981); Abramson v. Florida Gas Transmission Co., 909 F.Supp. 410, 420, n. 18 (E.D.La.1995).
I am also influenced by the fact that in certain medical malpractice actions, the opinions of medical expert witnesses who are members of the medical profession and who are qualified to testify on the subject are necessary to determine whether or not defendant physicians possessed the requisite degree of knowledge or skill, or failed to exercise the applicable standard of care. Cf. Pfiffner v. Correa, 94-0924, 94-0963, 96-0992 (La.10/17/94), 643 So.2d 1228, wherein our supreme court recognized that expert testimony as to the standard of care is not always necessary, if a lay person can infer negligence from the facts, such as when a physician commits an obviously careless act, including fracturing a leg during examination, amputating the wrong limb, dropping a knife, scalpel, or acid on a patient or leaving a sponge in the patient's body. However, in cases where expert testimony is necessary to establish the standard of care and determine if that standard was breached, it would be virtually impossible to obtain, or defend, a summary judgment without the use of expert testimony. To interpret La. C.C.P. art. 967 as prohibiting expert testimony, in light of the allowance of such, at trial, as provided in La. R.S. 40:1299.47(H) would fly in the face of the intended purposes of the recent amendments to our summary judgment law.
For these reasons, some courts have determined that, in medical malpractice cases where expert opinion is necessary to establish the standard of care and the breach thereof, if any, La. R.S. 40:1299.47(H) should be interpreted to extend the allowance of expert opinion evidence to motions for summary judgments, and in defense thereof. See e.g. Guillory v. Dr. X, 96-85 (La.App. 3 Cir. 8/28/96); 679 So.2d 1004, Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4 Cir. 1993). I see the wisdom in such reasoning, particularly in cases such as the one before us wherein a party has had ample opportunity (seven years) to obtain supporting evidence for his/her claim, and has failed to do so. This reasoning also promotes the purpose of the amendments to La. C.C.P. art. 966 intended to "level the playing field" between the litigants, so that documentation submitted by them will be scrutinized equally, and eliminating the earlier overriding presumption in favor of trial on the merits. See Hayes v. Autin, 96-287 at 6, 685 So.2d at 694.
Accordingly, following the spirit of the new law favoring summary judgments, and so that summary judgments will be possible in medical malpractice actions, I believe *480 that expert opinion evidence is allowable in a summary judgment proceeding in medical malpractice cases where such evidence is necessary for a determination of the standard of care and whether said standard was met or breached.
GONZALES, J., Concurring.
I agree with the result reached in this case for the reasons which I previously set out in my concurrence in Harris v. Landry, 97-0525 (La.App. 1 Cir. 4/8/98), 734 So.2d 1. As I said in Harris, 734 So.2d at 7:
It is obvious that the requirement of personal knowledge in La. C.E. art. 602 does not apply to La. C.E. art. 703, which provides as follows:
The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. (Emphasis added.)
It is not and it has never been the law of evidence relative to an expert opinion that such opinion can only be given based on facts within the expert's personal knowledge. It always has been the practice to make facts known to the expert, even at trial, in order for the expert to state his position. Some experts may also have personal knowledge of the facts they perceive. Even hypothetical questions are allowed to expert witnesses. Judge Lottinger, in Miceli v. Armstrong World Industries, 96-1134 (La.App. 1st Cir.3/27/97), 691 So.2d 283, writs denied, 97-1100, 97-1090 (La.6/13/97), 695 So.2d 980, 985, gives a complete analysis of the difference between the circuits on the issue of personal knowledge. The thing Judge Lottinger does not do, nor do any of these cases do, is make a distinction between the requirement of personal knowledge in affidavits, as opposed to a requirement of personal knowledge in depositions. There is no question that the Code of Civil Procedure itself requires that affidavits, given, pursuant to articles 966 and 967, in furtherance of a motion for summary judgment, must be made on personal knowledge. Nowhere in either of those articles is there a reference to the fact that expert opinion given during the course of a deposition must be given upon personal knowledge. The statement of Judge Lottinger's panel, found in Miceli, 691 So.2d at 287, which says:
A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinions or statements or testimony requires evaluation by the trier of fact as to probative value.
is simply a rehashing of the conclusion by then Judge Pike Hall in McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308 (La.App. 2nd Cir.), writ denied, 457 So.2d 1194 (La.1984). This often cited quote by Judge Hall concludes that:
A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed.
Both the McCoy case and the Miceli case were written at a time prior to Acts 1997, No. 483. It is clear that that Act determines that the Hayes v. Autin, 96-287 (La.App. 3rd Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41, interpretation of the summary judgment article is the correct one, and all cases in conflict with Hayes are overruled. I submit that, to the extent that McCoy *481 and Miceli are in conflict with Hayes, they are overruled.
However, where there are conflicting opinions, a fact issue may be in dispute. But where there is only one set of opinions and the opponent does not come forward with a rebutting opinion, then Hayes requires the court to grant a summary judgment to the defendant-movant, where the plaintiff has the burden of proof.
The problem with McCoy and Miceli and the question of opinion testimony is not one that is founded on the issue of personal knowledge of facts by the expert. There is obviously a distrust of expert opinion testimony, as voiced by Judge Hall in his McCoy case. That same problem of mistrust of expert opinion testimony has been addressed by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Louisiana Supreme Court has followed the reasoning of the U.S. Supreme Court in Daubert in the case of State v. Foret, 628 So.2d 1116 (La.1993). If a trial court believes that expert testimony is of such dubious value, that its probative weight cannot be determined absent an in-court observation of the expert witness, then the court should utilize its gate-keeping role under Daubert-Foret and exclude the testimony. Trial lawyers need to be made aware that the possibility of exclusion of expert testimony looms down the road and thus should make their Daubert-Foret challenges during the course of the deposition. No expert testimony under Daubert-Foret should be admitted, either in a motion for summary judgment or at trial, if it is not "relevant and reliable." The determination of what is reliable evidence is set out in the test in Daubert-Foret.
If we do not make the distinction between affidavits and depositions, then in no case where an expert opinion is an essential element of either the plaintiff's case or the defense's case will a summary judgment be possible. There are cases on the plaintiff's side where the medical review panel is of the opinion that substandard conduct has occurred and that the substandard conduct was a cause of the plaintiff's injury. There are cases where doctors are willing to give testimony in depositions to the effect that the standard of care has been breached and that breach caused plaintiff's injury. Summary judgment should be available to a plaintiff in such a case, at least as to liability. I do not see how we can take the position, after Acts 1997, No. 483, favoring the granting of summary judgment, that both sides in a malpractice case are precluded from using the device of summary judgments based on an expert's deposition. It does not matter whether it is the plaintiff's expert's deposition or the defendant's expert's deposition. Expert testimony should be filtered through the Daubert-Foret process and not the loose language of McCoy and Miceli. McCoy and Miceli give no basis for excluding opinion testimony, except the fact that the courts then had a clear, well defined and jurisprudentially established aversion and dislike for summary judgments. The admissibility of testimony is a matter of evidence and should be judged by the standards in Louisiana Code of Evidence articles 701, 702 and 703, and the cases interpreting the same. In determining whether the evidence is relevant and reliable, a court should consider (1) whether or not the theory or the technique has been tested; (2) whether it has been subjected to peer review; and (3) the known or potential error rate. It should be noted that, although the general acceptance rule is not a prerequisite, the fact that a theory or technique is widely accepted is an important factor in determining admissibility. See Handbook on Louisiana Evidence Law 1998, La.C.E. art. 702, 1998 Author's Notes (1).
A recent amendment to La.C.C.P. art. 1450(A)(5) gives preference to the use of cold depositions at trial. An objecting party can force live testimony by paying in advance "... the fee, reasonable expenses, and actual costs of such expert witness *482 ..." if he so desires. As we know, the practice is that many cases are tried even before juries where depositions are only read to the jury. The amendment is clearly in conflict with Judge Hall's statement that expert opinion requires evaluation by the trier of fact.
In sum, I do not believe the requirement of "personal knowledge" for affidavits should be used to preclude the use of expert testimony by deposition for summary judgment. If a deposition can be read to a jury and be given full probative value without a showing of "personal knowledge," then why cannot a judge read this same deposition for summary judgment?
WEIMER, J., concurring.
I agree with the majority opinion and write to make the following observations.
I believe that LSA-R.S. 40:1299.47(H) does not contemplate the introduction of the medical review panel opinion and report to support or defend a motion for summary judgment unless the opinion and report meet the requirements of LSA-C.C.P. art. 967. The requirements of LSA-C.C.P. art. 967 are that "[s]upporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence...."[1]
The reason for the "personal knowledge" requirement in Article 967 is to limit the affidavit to facts which the affiant perceived with his own senses. The opinion of an expert witness, based solely on his training, experience, and expertise, is not based on "personal knowledge" as this term is used in Article 967. See Hidalgo v. General Fire & Casualty Company, 254 So.2d 493, 496 (La.App. 3 Cir.1971).
If a medical review panel opinion and report are made on personal knowledge and set forth facts, as opposed to opinions, they are admissible if offered in affidavit form and may be considered to decide a motion for summary judgment. However, generally speaking, a medical review panel opinion and report are not based on personal knowledge and are simply an opinion. As such, the medical review panel opinion and report would not be admissible to support or defend a motion for summary judgment.
Reading LSA-R.S. 40:1299.47(H) in its entirety indicates the medical review panel opinion and report are admissible at trial, where the medical review panelists can be "required to appear and testify."
Article 967 requires affidavits be made on personal knowledge; therefore, testimony not based on personal knowledge is inadmissible if contained in an affidavit. There is no statutory prohibition against opinion testimony contained within a deposition offered to support or defend a motion for summary judgment. Obviously, the trial court is not to weigh the opinion testimony or evaluate the credibility of the experts in determining whether to grant or deny the motion for summary judgment. If the opinions of the experts conflict, then the motion for summary judgment should be denied because there would exist a "genuine issue as to material fact." LSA-C.C.P. art. 966(B). A trial before the fact finder is necessary to resolve the conflict between experts.
In this matter, the affidavit of the expert retained by the plaintiff is inadmissible because it is not based on personal knowledge. As such, the grant of summary judgment in favor of the defendants is correct.
FITZSIMMONS, J., concurring in the result, with reasons.
For medical review panel reports, I rely on a plain reading of La. R.S. *483 40:1299.47(H): that language specifically controls the admissibility of medical review panel reports. Louisiana Code of Civil Procedure articles 966 and 967 control, generally, the admission of evidence on summary judgment.
In my opinion, by clear language, Louisiana Code of Civil Procedure article 967 prohibits opinion that is not based on personal knowledge, if it is contained in an affidavit. Thus, the affidavit of Dr. Valley should not have been admitted. However, Louisiana Code of Civil Procedure article 966 provides that summary judgment may be supported by more than just affidavits. The use of "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," may be used to "show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966. Article 967 makes no prohibition against the use of opinion, not based on personal knowledge, in supporting documents, other than affidavits. Thus, the deposition of Dr. O'Connell was admissible.
Based on the admissible documents submitted by defendants, and the plaintiffs subsequent failure (notwithstanding admission of the affidavit) to rebut or "produce factual support sufficient to establish that [plaintiff] will be able to satisfy [plaintiffs] evidentiary burden of proof at trial," I believe the grant of summary judgment was correct. Thus, I respectfully concur in the result.
SHORTESS, J., Dissenting.
The majority embarks on an ambitious voyage, differentiating between experts' opinions in depositions and in affidavits, and leaves years of jurisprudence in its wake. A doctor's sworn statement of the standard of care, based on his training and expertise, is acceptable in a deposition, but not in an affidavit. The majority navigates these treacherous waters to reach the result that the plaintiff loses because she relies on an expert's opinion set forth in an affidavit, while the defendants rely on an opinion set forth in a deposition and win.
By permitting this 180-degree change of course, most cases will no longer be tried-all a defendant needs to do to defeat a plaintiff's action is to find an expert who has an opinion and depose him since article 966 now completely trumps the article 967 requirement of personal knowledge. We will now no longer have effective cross-examination, the most successful tool to determine the truth ever created. Of course, there may be cross-examination during a discovery deposition, but how often is thorough cross-examination done at that stage? So, the discovery process will become even more acrimonious, and no magistrate will be present to separate the fractious parties.
Juries and trial judges no longer will be necessary as credibility determinations will cease to be part of truth seeking. Just take an expert's deposition and all litigation will be very neatly handled without muss or fuss to the detriment of finding the truth, i.e., justice.
I respectfully dissent.
PETTIGREW, J., Dissenting.
I will respectfully join with Judge Shortess's dissent to the majority opinion, and I add my additional following reasons.
I feel this case is not appropriate for summary judgment. I feel there are still material issues of fact in dispute including, but not limited to, whether the doctors identified the ureter, not only at the beginning of surgery, but also during surgery. This evidence was presented through the deposition of Dr. O'Connell, submitted by the defendant as an attachment, being the operative report of Dr. Berry concerning the initial surgery on Mrs. Simmons.
Further, it is not always necessary to have an expert to meet the plaintiffs burden of proof in a medical malpractice case. In many cases, the plaintiff can carry its burden by using the defendant's experts in *484 proving the standard of care and the violation of that standard of care and the causal relation. Pfiffner v. Correa, 643 So.2d 1228.
Lastly, it is my understanding and appreciation of the facts that the affidavit of Dr. Valley, submitted by the plaintiff, was introduced without objection by the defendants at the hearing on the motion for summary judgment.
I respectfully dissent.
FOIL, J., dissenting.
Summary judgment was not proper in this particular case.
NOTES
[1] This "personal knowledge" requirement of LSA-C.C.P. art. 967 does not distinguish between expert and lay testimony. As such, I must very respectfully disagree with a portion of Justice Lemmon's remarks in footnote 1 of his concurrence in the denial of a writ application in Griggs v. Riverland Medical Center, 99-0385 (La.5/28/99), 735 So.2d 622.