779 So.2d 910 (2000)
E. Adelle SIMMONS
v.
Dr. Charles M. BERRY, Dr. William G. Black and Louisiana Medical Mutual Insurance Co.
No. 98 CA 0660R.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*912 John Calmes, Jr., Harry Shoemaker, III, Baton Rouge, for Plaintiff E. Adelle Simmons.
Bradley C. Myers, Baton Rouge, for Defendants Dr. Charles M. Berry, Dr. William G. Black and Louisiana Medical Mutual Insurance Co.
Before: CARTER, LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS, KUHN, GUIDRY, WEIMER, and PETTIGREW, JJ.
PETTIGREW, J.
This matter comes before us on remand from the Louisiana Supreme Court. In Simmons v. Berry, 99-3608 (La.5/5/00), 760 So.2d 1186, the court ordered that we reconsider our previous decision in light of Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
In 1985, E. Adelle Simmons ("Ms. Simmons") experienced abdominal pain in the left lower quadrant and sought the medical care of Dr. Rick Staggers. Dr. Staggers determined that the pain experienced by Ms. Simmons was most likely due to a problem with one of her ovaries. Medication prescribed by Dr. Staggers resolved the pain for approximately two years. In May or June 1987, Ms. Simmons again began to experience the same type of pain she had experienced in 1985, and she consulted Dr. Charles M. Berry ("Dr. Berry"). When conservative measures were unsuccessful in controlling Ms. Simmons' pain, she agreed to corrective surgery.
On July 20, 1987, Ms. Simmons underwent a left salpingo-oophorectomy with excision of varicosities in the left infundibulopelvic ligament and right ovarian cystectomy (the removal of the left fallopian tube and ovary and the removal of a cyst on the right ovary). Dr. Berry performed the surgery, with Dr. William G. Black ("Dr. Black") assisting. The following day, July 21, 1987, a pathological examination revealed that a section of Ms. Simmons' left ureter, approximately 1.7 centimeters in length, had been removed during surgery. Ms. Simmons underwent corrective surgery on July 21, 1987, and was discharged from the hospital on July 28, 1987.
Ms. Simmons filed a medical malpractice claim pursuant to La. R.S. 40:1299.47 on *913 July 18, 1988, alleging that Drs. Berry and Black had been negligent and that their actions violated the applicable standard of medical care during the initial surgery. Specifically, Ms. Simmons claimed that Drs. Berry and Black inflicted the ureteral injury, failed to recognize that the injury had occurred, and failed to correct the injury, thereby necessitating a second surgery to correct and repair the injury. A medical review panel rendered an opinion on December 12, 1989, and determined that neither Dr. Berry nor Dr. Black had deviated from the recommended standard of care. Thereafter, on March 8, 1990, Ms. Simmons filed suit against Drs. Berry and Black and their insurer, Louisiana Medical Mutual Insurance Company ("defendants").
In April 1990, defendants propounded interrogatories and requests for production of documents to Ms. Simmons seeking, among other information, the name(s) of any expert(s) who would be relied on to establish that the defendant doctors had deviated from the appropriate standard of care. In her answers to the interrogatories, Ms. Simmons identified Dr. Ruary C. O'Connell ("Dr. O'Connell") as her only expert. In March 1992, the defendants deposed Dr. O'Connell. No other discovery was conducted.
On August 14, 1997, the defendants filed a motion for summary judgment. A hearing was scheduled for October 20, 1997. After hearing the arguments and reviewing the exhibits submitted by the parties, the district court granted the motion for summary judgment, dismissing Ms. Simmons' claim. Ms. Simmons appealed that judgment to this court.
In support of their motion for summary judgment, defendants placed into evidence: 1) an uncertified copy of the opinion of the medical review panel; 2) the deposition of Ms. Simmons' expert, Dr. O'Connell; 3) interrogatories and answers to interrogatories of Ms. Simmons, identifying Dr. O'Connell as her expert; and 4) the deposition of Ms. Simmons.
In opposition to the motion for summary judgment, Ms. Simmons introduced the affidavit of Dr. Michael T. Valley ("Dr. Valley"), a physician licensed to practice medicine in the State of Florida and certified by the American Board of Obstetrics and Gynecology.
In our earlier decision in this matter, Simmons v. Berry, 98-0660 (La.App. 1 Cir. 9/3/99), 748 So.2d 473 (en banc), this court affirmed the trial court's granting of the motion for summary judgment in favor of defendants, and held: (1) the opinion of the medical review panel could not be considered as evidence on the motion for summary judgment; (2) the deposition of Dr. O'Connell could be considered as evidence (overruling a line of jurisprudence previously recognized in Harris v. Landry, 97-0525 (La.App. 1 Cir. 4/8/98), 734 So.2d 1, and Miceli v. Armstrong World Industries, 96-1134 (La.App. 1 Cir. 3/27/97), 691 So.2d 283, writs denied, 97-1090 (La.6/13/97), 695 So.2d 985, 97-1110 (La.6/13/97), 695 So.2d 980, 985); (3) Dr. O'Connell's deposition testimony was sufficient to meet defendants' initial burden of proof and to shift the burden to Ms. Simmons to establish a genuine issue of material fact; and (4) the affidavit of Dr. Valley could not be considered as evidence because it was not based on personal knowledge. Because Dr. Valley's affidavit was the only evidence offered by Ms. Simmons in opposition to the motion for summary judgment, this court ruled that Ms. Simmons had failed to meet her burden of proof to defeat summary judgment.
Following our decision in this case, Ms. Simmons applied for writs to the Louisiana Supreme Court, and that court remanded the matter back to this court for reconsideration in light of Independent Fire Insurance Company v. Sunbeam Corporation.
An appellate court's review of a summary judgment is a de novo review based upon the evidence presented at the trial court level and using the same criteria used by the trial court in deciding *914 whether a summary judgment should be granted. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 202, writs denied, 97-3055 (La.2/13/98), 709 So.2d 753, 97-3062 (La.2/13/98), 709 So.2d 753, 754. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. See Minor v. Casualty Reciprocal Exchange, 96-2096, p. 3 (La.App. 1 Cir. 9/19/97), 700 So.2d 951, 953, writ denied, 97-2585 (La.12/19/97), 706 So.2d 463.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La.Code Civ. P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967; Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La. App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
Through its opinion in Independent Fire Insurance Company, the supreme court reconciled a difference among the courts of appeal and held that expert opinion testimony in the form of an affidavit or deposition may be considered in support of, or in opposition to, a motion for summary judgment. The supreme court further quoted legal scholars who have stated "[t]he inadequacy of [a summary judgment] affidavit is a `formal defect,' and the opponent waives the defect unless he or she files a motion to strike or otherwise objects to the affidavit." Independent Fire Insurance Company, 99-2181, 99-2257 at 16 n. 4, 755 So.2d at 235 n. 4, quoting Frank L. Maraist and Harry T. Lemmon, 1 Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p. 144 (1999). The supreme court concluded that circumstantial or indirect evidence must also be considered when granting or denying summary judgments. Independent Fire Insurance Company, 99-2181, 99-2257 at 18, 755 So.2d at 236-237.
In its opinion in Independent Fire Insurance Company, the supreme court also determined that, rather than automatically excluding expert opinion evidence at the summary judgment stage, the Daubert-Foret[1] standards should be considered by the trial judge in deciding whether to admit expert opinion evidence. Additionally, the court opined that several important underlying principles must be reinforced. First, the trial judge cannot make credibility determinations on a motion for summary judgment. Second, the court must not attempt to evaluate the persuasiveness of competing scientific studies. Third, the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion"[2]. Fourth, and most importantly, summary judgments deprive the litigants of the opportunity to present their evidence to a Jury and should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. Independent Fire Insurance Company, 99-2181, 99-2257 at 16-17, 755 So.2d at 235-236.
*915 The applicable substantive law determines the materiality of facts in a summary judgment setting. See Colver v. Travelers Insurance Companies, 95-1696, p. 6 (La.App. 1 Cir. 11/8/96), 685 So.2d 179, 183, writ denied, 96-2928 (La.2/21/97), 688 So.2d 516. To prevail in a medical malpractice case, the plaintiff must establish the standard of care applicable to the charged physician, a violation by the physician of that standard of care, and a causal connection between the physician's alleged negligence and the plaintiff's injuries resulting therefrom. La. R.S. 9:2794(A). Generally, a plaintiff must introduce an expert witness to testify with regard to a violation of the standard of care unless the "defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts." Pfiffner v. Correa, 94-0924, 94-0963, and 94-0992, p. 2 (La.10/17/94), 643 So.2d 1228, 1230.
In the instant case, the defendants placed into evidence an uncertified copy of the opinion of the medical review panel as support for their motion for summary judgment. Previously, in Robertson v. Northshore Regional Medical Center, 97-2068 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, this court held that a document that is not "an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality on summary judgment to be given weight in determining whether or not there remain genuine issues of material fact." Robertson, 97-2068 at 5-6, 723 So.2d at 464. The court went on to note that "[u]nless the motion for summary judgment is supported by affidavits, together with sworn or certified copies of all papers or documents referred to, LSC.C.P. art. 967 does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial." Robertson, 97-2068 at 10, 723 So.2d at 465.
The defendants herein assert that La. R.S. 40:1299.47(H) constitutes an exception to the requirements of La.Code Civ. P. art. 967, and extends the admissibility of a report by a medical review panel to use in summary judgment proceedings in medical malpractice cases. Louisiana Revised Statute 40:1299.47(H) provides as follows:
Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify. A panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this Part. [Emphasis supplied].
Louisiana Civil Code article 13 provides that "[l]aws on the same subject matter must be interpreted in reference to each other." If two statutes can be reconciled by a fair and reasonable interpretation, the court must read the statutes so as to give effect to each. In re First Columbia Life Insurance Company, 97-1083, p. 6 (La.App. 1 Cir. 9/29/98), 724 So.2d 790, 794, writ denied, 98-2789 (La.1/8/99), 734 So.2d 1222. However, it is well settled that when two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 (La.1980).
We find no conflict between La. Code Civ. P. arts. 966 and 967 and La. R.S. 40:1299.47(H). The language contained in La. R.S. 40:1299.47(H) simply allows the use of the expert opinion reached by a medical review panel in any action brought before a court of law, but provides that such evidence will not be conclusive. Either party has the right to *916 call any member of the medical review panel as a witness. Accordingly, when read together, Articles 966 and 967 and La. R.S. 40:1299.47(H) provide that the opinions of the medical review panels are admissible in court proceedings where there is live testimony. Louisiana Revised Statute 40:1299.47(H) does not in any way broaden the avenues available to medical malpractice litigants utilizing summary judgment proceedings, unless the deposition of a medical doctor who served on the medical review panel is taken or his opinion is put in the form of a sworn affidavit. If presented in an affidavit form or by deposition, the expert's opinion may be admissible if it meets the standards of Daubert-Foret. See Independent Fire Insurance Company, supra.
In sum, we conclude that the opinion of the medical review panel submitted in this case cannot be relied on in support of the defendants' motion for summary judgment. It does not fall within any of the categories set forth in Articles 966 and 967 as evidence properly considered on a motion for summary judgment.
In connection with their motion for summary judgment, defendants also placed into evidence the deposition of Ms. Simmons' expert, Dr. O'Connell. Reviewed by Dr. O'Connell and attached to his deposition was the operative report of defendant, Dr. Berry. Article 966 provides for the consideration of "pleadings, depositions, answers to interrogatories, and admissions on file" in summary judgment litigation. Article 967 does not require that these forms of evidence be based on personal knowledge. Therefore, the use of opinion testimony in the form of deposition testimony is not precluded. Such evidence is admissible in all summary judgment litigation, and was properly considered on defendants' motion for summary judgment. Independent Fire Insurance Company, 99-2181, 99-2257 at 17, 755 So.2d at 236.
Dr. O'Connell is a general surgeon, but is qualified to do hysterectomies and salpingo-oophorectomies. Therefore, the surgery performed by Dr. Berry falls within Dr. O'Connell's expertise in his field of general surgery. Dr. O'Connell could not say with certainty, based upon the records before him, whether Dr. Berry deviated from the standard of care. However, Dr. O'Connell did state that the applicable standard of care required the physician to visualize the ureter before, during, and at the completion of the procedure. A review of the operative report indicates that Dr. Berry visualized the ureter at the beginning of the procedure; however, there is no mention in the report that Drs. Berry and Black went back and visualized the ureter at the completion of the procedure. Aside from this indication in the operative report, there is no affirmative or objective evidence in the record to indicate whether Dr. Berry visualized the ureter at other points in the procedure.
In opposition to the motion for summary judgment, Ms. Simmons placed into evidence the affidavit of Dr. Valley. Dr. Valley's affidavit set forth that he is licensed to practice medicine in the State of Florida and is certified by the American Board of Obstetrics and Gynecology. Dr. Valley's affidavit was based upon a review of Ms. Simmons' medical records, and stated in part:
The standard of care which would apply to a doctor specializing in obstetrics and gynecology in performing the surgery which was performed on Adelle Simmons would require palpation of the ureter if the anatomy of the subject appeared normal, however, would require visual identification of the ureter if the anatomy appeared distorted. Additionally, it should be determined that the ureter is outside the field of operation.
The affidavit of Dr. Valley concluded that "If the massive varicosities of the left infundibulopelvic ligament distorted the anatomy around the ureter such that the *917 ureter's identification would be uncertain then it would be below the standard of care not to visually identify the ureter at the point of surgery prior to proceeding with the surgery."
No deposition or affidavit of either Dr. Berry or Dr. Black was introduced to support the motion for summary judgment. The operative report of Dr. Berry, attached to the deposition of Dr. O'Connell, reflects only that Dr. Berry identified the ureter at the beginning of the surgery, not during and at its completion. Whether Dr. Berry visualized the ureter during and at the completion of the surgery is a factual question and a material issue of fact that is still in dispute and requires a determination by the trier of fact. Said determination could be made by circumstantial or indirect evidence, such as Dr. Berry's operative report; but that report does not indicate that he visualized the ureter during and at the completion of the surgery. There is a material issue of fact in dispute and, therefore, this case was not appropriate for summary judgment. If qualifying evidence is submitted in opposition to a motion for summary judgment that creates a dispute as to a genuine issue of material fact, a motion for summary judgment should be denied. Independent Fire Insurance Company, 99-2181, 99-2257 at 19, 755 So.2d at 237.
For the foregoing reasons, our previous judgment of September 3, 1999, is hereby vacated and set aside. The trial court judgment granting summary judgment in favor of defendants is hereby reversed, and this matter is remanded to the trial court for further proceedings. Costs are assessed to defendants, Dr. Charles M. Berry, Dr. William G. Black, and their insurer, Louisiana Medical Mutual Insurance Company.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs without reasons.
FOIL, J., concurs in the result.
GONZALES, J., concurs in the result.
NOTES
[1] See, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and State v. Foret, 628 So.2d 1116 (La.1993).
[2] Maraist & Lemmon, 1 Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p. 145 (1999).