| RONZALES, J.,
concurring.
Summary judgment law requires that affidavits be made on personal knowledge. La. C.C.P. art. 967. As I first pointed out in my concurrence to Harris v. Landry, 97-0525 (La.App. 1 Cir. 4/8/98), 734 So.2d 1, 6, overruled by Simmons v. Berry, 98-0660 (La.App. 1 Cir. 9/3/99), 748 So.2d 473, abrogated by Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 2257 (La.2/29/00), 755 So.2d 226, and repeated in my concurrence to Simmons v. Berry, 98-0660 (La.App. 1 Cir. 9/3/99), 748 So.2d 473, 480, vacated by Simmons v. Berry, 98-0660 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, abrogated by Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 2257 (La.2/29/00), 755 So.2d 226, the personal knowledge requirement of summary judg *1229 ment law does not apply to expert opinions given in depositions.
As I appreciate the opinion in Independent Fire Ins. Co. v. Sunbeam Corp., the Louisiana Supreme Court has agreed with my position as to the question of personal knowledge in depositions. They suggest that with regard to experts, personal knowledge is not required for either depositions or affidavits when the witness giving testimony is an expert.
However, the question of “independence of a witness” is an entirely separate issue from the question of lack of personal knowledge. I have long held Lthe belief that affidavits by experts have insurmountable problems for admission in a summary judgment setting when offered by either side.
In order to reach the level of authority to give opinion testimony, a purported expert witness must be first qualified and, secondly, his testimony must be relevant and reliable under the Daubert-Foret analysis, unless these normal requirements are waived for summary judgment purposes.
In a deposition setting, there is ample opportunity for opposing counsel to challenge both qualifications and reliability. With regard to affidavits, however, neither “independence,” qualifications, nor reliability can be adequately established or attacked. The unique setting of the facts of this case involving an UM claim in a “miss and run” accident brings to light a focus on the independent nature of an affidavit requirement.
Any party wishing to present expert testimony, which is not independent, not qualified, and not reliable, could do so simply by putting that opinion in the form of an affidavit. In the affidavit in question in this case, the objectionable statement “it is more probable than not ... that the subject accident was the result of a deliberate attempt by Rev. Snowden to avoid a collision with an unknown vehicle” not only calls on the expert to give an opinion on the credibility of the underlying testimony of Rev. Snowden, but does so in the form of the test used by a jury to determine acceptability of opinion testimony.
As I pointed out in my dissent to Lemaire v. CIBA-GEIGY Corp., 1999-1809 (La.App. 1 Cir. 6/22/01), 793 So.2d 336, 354, writ denied, 2001-2153 (La.11/16/01), 802 So.2d 608, the test of “more probable than not” is the burden of proof test for a jury to accept a fact. It has nothing to do with the admissibility of evidence, particularly expert evidence, which is the domain of the court. The use of the phrase “more probable than not” in the affidavit highlights the ease of having affidavit by experts circumvent all relevant evidentiary rules. Using that same rationale, the expert in this case could have been asked to give a self-serving evaluation of his independence.
| ¡/There are, therefore, many reasons why I think the affidavit in this case was inappropriate. My majority opinion reflects what I believe the Louisiana Supreme Court had in mind when they remanded the writ action to this court. The evidence of the expert in this case was presented by affidavit; however, it could have been presented by deposition, which would have resolved many of the problems noted above. The frequent use of summary judgment is going to require the jurisprudence of this state to focus on the issues of independence (in UM cases), and qualifications and reliability (in all cases) of testimony by experts in the summary judgment setting presented by affidavits.