| .CIACCIO, J.
Defendant N/C Materials, Ine. appeals a summary judgment against it awarding $48,099.29 in damages to plaintiff, Louisiana Workers’ Compensation Corporation (“LWCC”).
FACTS
LWCC insured N/C Materials against workers’ compensation claims, under policy number 18061, beginning April 30,1993. LWCC filed suit against N/C Materials in 1998, alleging that N/C Materials breached its contract by failing to pay premiums due and by failing to report its payroll as required by the policy.
LWCC moved for summary judgment, arguing that the additional premiums applied to coverage for truck drivers whose income N/C Materials failed to report. N/C Materials maintained that the truck drivers were independent contractors and not covered by the policy. LWCC countered that the truck drivers were not independent contractors, or alternatively, that they fell under the manual labor exception of the independent contractor law. LWCC therefore risked exposure to workers’ compensation claims by the truck drivers and additional premiums were due.
After a hearing, the trial court granted LWCC’s motion for summary judgment and awarded damages in the amount of $48,099.29. N/C Materials now appeals, arguing that the trial court erred in granting summary judgment and ordering N/C Materials to pay premiums for additional exposure.
LAW AND ANALYSIS
A summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute.[2] Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.”[3] An appellate court’s review of a summary judgment is a de novo review based on the evidence presented at the trial court level and using the same criteria as the trial court in deciding whether summary judgment is appropriate.[4]
Is A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[5] The initial burden is on the mover to show that no genuine issue of material fact exists. If the mover shows an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmov-ing party must produce factual support sufficient to satisfy his evidentiary burden at trial.[6] If the nonmoving party fails to do so, then there is no genuine issue of material fact, and a summary judgment is warranted.[7]
*536 The applicable substantive law determines whether a particular fact is material in a summary judgment setting.[8] An insurance policy is a legal contract between the parties.[9] When interpreting an insurance contract, the court must attempt to discern the common intent of the insured and insurer. Analysis should begin with a review of the words in the insurance contract. The contract must be enforced as written when the words are clear and explicit and lead to no absurd consequences.[10]
Part 5, Section C of LWCC’s insurance policy in favor of N/C Materials mandated that N/C Materials report payroll for anyone who could potentially expose LWCC to liability:
Premium for each work classification is determined by multiplying a rate times a premium basis .... This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:
[[Image here]]
2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.[11]
[4And the endorsement to this policy further emphasizes N/A Materials’s obligation to report all potential liabilities:
The [insured] shall include in the gross payroll for the reporting period all payments made to contractors performing any work for the [insured] which is a part or process of the trade or business of the [insured] and shall pay premium thereon calculated at the rate or rates named in the policy and any later endorsements, with the exception that the [insured] shall not be required to report as payroll any payments made to contractors who have furnished to the [insured] certificates of insurance showing workers compensation insurance coverage for the contractor’s Louisiana employees during the reporting period.[12] (Emphasis ours.)
Paul Thompson, Premium Audit Specialist for LWCC, testified via affidavit that N/C Materials did not produce valid certificates of insurance showing that the truck drivers carried their own workers’ compensation insurance, allowing them to be excluded from the premium calculation pursuant to the terms of the policy.
Thus, whether the truck drivers were N/C Materials’ employees or independent contractors is immaterial within the context of the legal issue in this case. According to the plain language of the insurance policy, even if the drivers were independent contractors, N/C Materials must report payments to them. N/C Materials was exempted from this requirement to report the drivers’ payroll only if N/C Materials provided to LWCC valid certificates of insurance as proof that these drivers did not expose LWCC and N/C *537 Materials to additional liability. N/C Materials failed to do so.
Assertions by N/C Materials that none of the truck drivers ever filed a claim for workers’ compensation coverage is irrelevant. The premiums cover potential exposure to liability, not actual claims.
CONCLUSION
For these reasons, we affirm the trial court’s summary judgment in favor of LWCC. Costs of this appeal are assessed to N/C Materials.
AFFIRMED.

. Keller v. Case, 99-0424 (La.App. 1 Cir. 3/31/00), 757 So.2d 920, 922.

. LSA-C.C.P. art. 966(A)(2).

. Simmons v. Berry, 98-0660 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 913-914.

. LSA-C.C.P. art. 966(B).

. LSA-C.C.P. art. 966(C)(2).

. LSA-C.C.P. art. 966 and 967; see also Simmons v. Berry, 779 So.2d at 914.

. Simmons v. Berry, 779 So.2d at 915.

. Clements v. Folse ex rel. Succession of Clements, 2001-1970 (La.App. 1 Cir. 8/14/02), 830 So.2d 307, 312, writ denied, 2002-2328 (La.11/15/02), 829 So.2d 437.

. Id.

. See exhibit A-l.

. See exhibit A-2.