943 So.2d 1191 (2006)
Leslie CARTER, Individually and on Behalf of the Estate of Wayne Verhein
v.
Cullen A. HEBERT, M.D.
No. 2005 CA 1986.
Court of Appeal of Louisiana, First Circuit.
September 20, 2006.
Sumpter B. Davis, III, Baton Rouge, Counsel for Plaintiff/Appellee Leslie Carter, individually and on behalf of the estate of Wayne Verhein.
Janie Languirand Coles, Paul R. Mayer, Jr., Baton Rouge, Counsel for Defendant/Appellant Cullen A. Hebert, M.D.
Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
Cullen Hebert, M.D., appeals a partial summary judgment wherein the trial court *1192 ruled that he breached the applicable medical standards of care and that his breach caused the death of his patient. Concluding that the appellee did not prove her entitlement to summary judgment, we reverse the judgment.

PERTINENT FACTS AND PROCEDURAL HISTORY
Following a September 7, 2003 automobile accident, Wayne Verhein developed a pulmonary embolus and was admitted to Our Lady of the Lake Regional Medical Center (OLOL) on September 14, 2003, where he was treated by Dr. Hebert. Mr. Verhein was discharged from OLOL on September 18, 2003, medicated with 7.5 milligrams of Coumadin by mouth daily. Thereafter, Mr. Verhein was seen in Dr. Hebert's office on September 26, 2003, and was referred to an outpatient lab for blood work. The result of the "Protime" test was 73.0 and the INR level was 8.99. On September 28, 2003, Mr. Verhein became ill and was transported to Summit Hospital in Baton Rouge, where he was diagnosed with "aortic dissection, cardiac rupture, or pericarditis with bleeding secondary to Coumadin with elevated INR." Mr. Verhein was then transported to OLOL for further treatment, but died en route.
Leslie Carter, individually and on behalf of her deceased son, Wayne Verhein, filed a petition against Dr. Hebert in February 2005 alleging that his deviation below the appropriate standards of medical care caused her son's death. She sought survival damages and wrongful death damages. The suit was instituted after a medical review panel issued a split decision in which two doctors concluded that Dr. Hebert had deviated from the standard of care in failing to properly monitor Mr. Verhein's INR [International Normalization Ratio] since it was unstable at the time he was released from the hospital. The third doctor was undecided regarding whether there was a breach of the standard of care. All three doctors agreed that the elevated INR was a contributing factor in Mr. Verhein's death.
In May 2005, Ms. Carter filed for summary judgment, and Dr. Hebert timely filed his opposition. The matter was heard in July 2005. The trial court rendered judgment "against [Defendant] Dr. Cullen A. Hebert, M.D., decreeing that the Defendant breached the applicable medical standards of care in this case and his breach caused the death of Plaintiff's decedent, Wayne Verhein." The trial court certified this partial summary judgment on the issue of liability as final for purposes of appeal, finding that there was no just reason for delay.
Dr. Hebert appeals, asserting three assignments of error:
1. An uncertified medical review panel opinion is not admissible as evidence to support a summary judgment;
2. An affidavit of a physician, stating that the defendant physician did not deviate from the standard of medical care in treating the patient whose care is at issue, establishes a genuine issue of material fact which precludes summary judgment.
3. Adequate discovery had not been completed at the time that Plaintiff/Appellee filed her motion for summary judgment.

DISCUSSION
We observe initially that Ms. Carter has failed to submit any competent evidence on the issue of medical malpractice in support of her motion for summary judgment. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there *1193 is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Osborne v. JAG Const. Services, Inc., 04-0437, p. 4 (La. App. 1 Cir. 2/16/05), 906 So.2d 601, 603, writ denied, 05-0739 (La.5/6/05), 901 So.2d 1101.
Here, Ms. Carter supported her motion for summary judgment with copies of the pleadings, answers to interrogatories, and copies of the decision of the medical review panel, one of which was attached to an affidavit of the attorney/chairman of the medical review panel. Apart from the fact that the report of the medical review panel shows no agreement on the issue of whether Dr. Hebert's conduct fell below the appropriate standard of care, the report is, by law, not conclusive on the issue of liability. La. R.S. 40:1299.47 H; Simmons v. Berry, 98-0660R, p. 7 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 915.
Further, in Simmons, this court held that La. R.S. 40:1299.47 H "does not in any way broaden the avenues available to medical malpractice litigants utilizing summary judgment proceedings, unless the deposition of a medical doctor who served on the medical review panel is taken or his opinion is put in the form of a sworn affidavit. If presented in an affidavit form or by deposition, the expert's opinion may be admissible if it meets the standards of Daubert-Foret." Id., 98-0660R at pp. 7-8, 779 So.2d at 916.
Here, Ms. Carter did not support her motion for summary judgment with an affidavit or deposition from an expert medical provider to prove that Dr. Hebert's medical treatment of Mr. Verhein fell below the applicable standard of care. See La. R.S. 9:2794 A, establishing a plaintiff's burden of proof in a malpractice action. Without such evidence, we conclude that Ms. Carter failed in the threshold requirement of showing that she is entitled to summary judgment as a matter of law. La. C.C.P. art. 966 B & C(1). Therefore, the burden never shifted to Dr. Hebert to require him to show support for his claims and defenses.[1] La. C.C.P. art. 966 C(2). Accordingly, we conclude the trial court erred in granting summary judgment in favor of Ms. Carter. We reverse the judgment of the trial court.
Because we conclude on our de novo review that the summary judgment entered in favor of Ms. Carter must be reversed, we pretermit discussion of the interesting issues raised in Dr. Hebert's assignments of error.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court granting summary judgment in favor of Ms. Carter and against Dr. Hebert. Costs of this appeal are assessed to Ms. Leslie Carter.

REVERSED
NOTES
[1] We recognize that Dr. Hebert filed an affidavit, which was admitted into evidence, by the physician who was initially undecided on the medical review panel in which he explained how he became decided that no malpractice occurred. Because of our disposition herein, we do not decide the efficacy of this affidavit in the context of this summary judgment proceeding.