961 So.2d 447 (2007)
Darryl SAMAHA, Husband of/and Karman Samaha
v.
David J. RAU, M.D.
No. 2006 CA 1561.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
Rehearing Denied August 3, 2007.
Carl T. Conrad, Barry J. Boudreaux, Henderson, Reilly & Boudreaux, Houma, Counsel for Defendant/Appellee David J. Rau, M.D.
Karen Wiedemann, Wiedemann & Wiedemann, New Orleans, Counsel for Plaintiffs/Appellants Darryl Samaha & Karman Samaha.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
*449 McCLENDON, J.
In this medical malpractice action, the plaintiffs appeal the trial court's grant of summary judgment in favor of the defendant doctor. For the reasons that follow, we reverse the judgment of the trial court, and remand.

FACTS AND PROCEDURAL HISTORY
On February 28, 2003, the plaintiffs, Darryl Samaha, husband of/and Karman Samaha, filed this suit for damages against the defendant, Dr. David J. Rau, alleging that on October 27, 1998, Mrs. Samaha was admitted to Terrebonne General Medical Center where she underwent a left thyroid lobectomy and isthmusectomy performed by Dr. Rau. Plaintiffs assert that Mrs. Samaha's parathyroid gland was negligently removed and/or damaged in the surgery, resulting in hypoparathyroidism and complications therefrom. The lawsuit was instituted after the matter was submitted to a medical review panel, which, on December 2, 2002, concluded that there was no deviation from the standard of care by Dr. Rau.
On July 27, 2005, Dr. Rau filed for summary judgment contending that plaintiffs lacked the necessary expert medical testimony to support their claims against the defendant. Plaintiffs filed an opposition to the motion, and the matter was heard on December 9, 2005, at which time summary judgment was granted. Judgment was signed on December 16, 2005, and plaintiffs have appealed.

DISCUSSION
In their sole assignment of error, plaintiffs assert that the opinion of the medical review panel, unsupported by testimony or affidavits, is not competent evidence to carry the mover's burden to show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. We agree.
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Boland v. West Feliciana Parish Police Jury, 03-1297, p. 4 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 812, writ denied, 04-2286 (La.11/24/04), 888 So.2d 231. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Boland, 03-1297 at p. 4, 878 So.2d at 812.
On a motion for summary judgment, if the moving party will not bear the burden of proof at trial on the matter before the court on the motion, the moving party must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and summary judgment must be granted. LSA-C.C.P. art. 966 C(2); Boland, 03-1297 at p. 4, 878 So.2d at 813.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the *450 substantive law applicable to the case. Craig v. Bantek West, Inc., 04-0229, p. 7 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241, 1245.
A plaintiff in a medical malpractice action must establish the standard of care applicable to the doctor, a violation by the doctor of that standard of care, and a causal connection between the doctor's alleged negligence and the plaintiff's injuries resulting therefrom. LSA-R.S. 9:2794 A; Pfiffner v. Correa, 94-0924, p. 8 (La.10/17/94), 643 So.2d 1228, 1233. To meet this burden of proof, the plaintiff generally is required to produce expert medical testimony. Pfiffner, 94-0924 at p. 9, 643 So.2d at 1234; Fagan v. LeBlanc, 05-1845, p. 7 (La.App. 1 Cir. 2/10/06), 928 So.2d 576, 582.
In this matter, Dr. Rau supported his motion with a certified true copy of the medical review panel opinion (with the correcting affidavit of the attorney chairman). However, the opinion, by law, is not conclusive that Dr. Rau complied with the standard of care required of him. See LSA-R.S. 40:1299.47 H[1]; Carter v. Hebert, 05-1986, p. 4 (La.App. 1 Cir. 9/20/06), 943 So.2d 1191, 1193; Simmons v. Berry, 98-0660, p. 7 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 915.
Further, we have held that LSA-R.S. 40:1299.47 H "does not in any way broaden the avenues available to medical malpractice litigants utilizing summary judgment proceedings, unless the deposition of a medical doctor who served on the medical review panel is taken or his opinion is put in the form of a sworn affidavit. If presented in an affidavit form or by deposition, the expert's opinion may be admissible if it meets the standards of Daubert-Foret."[2]Carter, 05-1986 at p. 4, 943 So.2d at 1193 (quoting Simmons, 98-0660 at pp. 7-8, 779 So.2d at 916).
Dr. Rau did not properly support his motion for summary judgment with either an affidavit or deposition from an expert medical provider to prove that his medical treatment of Mrs. Samaha was not below the applicable standard of care. Without such evidence, we conclude that Dr. Rau did not meet his initial burden of showing that he was entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966 B; Carter, 05-1986 at p. 4, 943 So.2d at 1193. Therefore, the burden never shifted to plaintiffs to require them to show support for their claims. See LSA-C.C.P. art. 966 C(2). Accordingly, the trial court erred in granting summary judgment in favor of Dr. Rau, and we reverse the judgment of the trial court.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Dr. Rau is hereby reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Dr. Rau.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 40:1299.47 H provides, in pertinent part:

Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify.
[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and State v. Foret, 628 So.2d 1116 (La.1993).