964 So.2d 415 (2007)
Pamela HART, Individually and as Administratrix and on Behalf of Her Father, Walter W. PARK
v.
Frank CRUZ, M.D., et al.
No. 2007-CA-0298.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 2007.
*416 Jack W. Harang, Jack W. Harang, APLC, Metairie, LA, for Plaintiff/Appellant.
Paul M. Batiza, Batiza Godofsky & Schroeder, Metairie, LA, for Defendants/Appellees.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.
Plaintiff, Pamela Hart, individually and as administratrix of the Estate of Walter W. Park, appeals the trial court judgment granting summary judgment in favor of defendant, Frank Cruz, M.D., and dismissing plaintiff's action against Dr. Cruz. We affirm.
On May 11, 2005, plaintiff filed a medical malpractice claim against Dr. Cruz. In her petition for damages, plaintiff alleged that Dr. Cruz treated her father, Walter Park, primarily for respiratory problems, from the early 1990's until November 2002. In November 2002, Mr. Park sought treatment from Dr. Thomas Nuttli, and was advised by Dr. Nuttli that he had emphysema/chronic obstructive pulmonary disease ("COPD") and asthma in the advanced stages. Plaintiff alleges that Dr. Cruz was negligent in his failure to diagnose, treat and inform Mr. Park of these medical conditions. Plaintiff claims that as a result of Dr. Cruz's negligence, Mr. Park's condition was diagnosed at such an advanced stage that treatment was ineffective and abandoned. Mr. Park died as a result of pulmonary disease on January 19, 2003, and plaintiff alleges that his death was the result of violations of the standard of care on the part of Dr. Cruz.
On May 17, 2005, Dr. Cruz filed an answer to plaintiff's petition. On June 20, 2005, Dr. Cruz filed a motion for summary judgment. In support of his motion, Dr. Cruz filed a memorandum. He also filed an earlier memorandum submitted on his behalf to the medical review panel, and the opinion of the medical review panel finding that Dr. Cruz did not violate the standard of care in his treatment of Mr. Park. The appeal record does not include any pleadings or other documentation offered by plaintiff in opposition to Dr. Cruz's motion for summary judgment. Following a hearing on October 13, 2006, the trial court rendered judgment on October 24, 2006 granting Dr. Cruz's motion for summary judgment, and dismissing plaintiff's claim against Dr. Cruz. Pursuant to Louisiana Code of Civil Procedure article 1915, the trial court also designated its judgment as final, finding that there is no just reason for delay. Plaintiff now appeals the trial court judgment.
On appeal, the plaintiff argues that the trial court erred in granting Dr. Cruz's motion for summary judgment. Specifically, plaintiff claims that the trial court erred when it found that the burden of proof had shifted to plaintiff because the only evidence presented by Dr. Cruz in support of his motion for summary judgment was a memorandum and an unsworn and uncertified copy of the opinion of the medical review panel. Plaintiff argues that the evidence presented by Dr. Cruz was neither competent nor admissible under the rules set forth in La. C.C.P. article 966 and 967.
Plaintiff cites the First Circuit case of Simmons v. Berry, 98-0660 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, in support of *417 her argument that a copy of an opinion of a medical review panel that is not attached to an affidavit from a member of the panel or the sworn deposition testimony of one of the panel members does not have sufficient evidentiary quality in a summary judgment proceeding to shift the burden of proof to the adverse party to set forth specific facts showing that there is a genuine issue of fact for trial. However, as Dr. Cruz points out in his appeal brief, this Circuit has recently reached the opposite conclusion on this same issue in the case of Blankenship v. Ochsner Clinic Foundation, 06-0242 (La.App. 4 Cir. 8/16/06), 940 So.2d 12, writ denied, 06-2291 (La.11/22/06), 942 So.2d 560.
In the Blankenship case, as in the instant case, the party filing the motion for summary judgment submitted the opinion of the medical review panel without any supporting affidavits as the only evidence in support of the motion. The trial court granted the motion. The adverse party appealed, arguing that because the evidence submitted in support of the motion was not in the form of a deposition or affidavit, it was insufficient to establish a prima facie case that there were no genuine issues of material fact. This Court rejected that argument, citing the case of Williams v. Memorial Medical Center, 03-1806 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, which held that the medical review panel's opinion is admissible as expert evidence on a motion for summary judgment. Blankenship v. Ochsner Clinic Foundation, 06-0242, p. 4 (La.App. 4 Cir. 8/16/06), 940 So.2d 12, 15, writ denied, 06-2291 (La.11/22/06), 942 So.2d 560. In Blankenship, this Court noted that in the Williams case, this Court cited La. R.S. 40:1299.47(H) as a basis for admitting a medical review panel's opinion in a summary judgment proceeding. Id. La. R.S. 40:1299.47(H) provides that the "report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant. . . ."
In light of the above-cited controlling jurisprudence from this Court, we find that the evidence offered by Dr. Cruz in support of his motion for summary judgment was sufficient to shift the burden of proof to plaintiff to set forth specific facts showing that there is a genuine issue of fact for trial. The record on appeal does not contain any pleadings or evidence offered by plaintiff in opposition to the motion for summary judgment.[1] Accordingly, we find no error in the trial court's granting of summary judgment in favor of Dr. Cruz.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.
NOTES
[1] The trial court judgment and Dr. Cruz's brief both mention medical reports filed by the plaintiff, but the record does not include these items or anything else filed by plaintiff in opposition to the motion for summary judgment. Plaintiff states in her brief that she filed an opposition to the motion, but does not mention any other documentation filed by her. Additionally, plaintiff's arguments on appeal do not refer to evidence filed in opposition to the motion. As a court of record, we must limit our review to that which is in the record before us. Ventura v. Rubio, XXXX-XXXX, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885.