DEBORAH A. PUGH, INDIVIDUALLY AND AS NATURAL TUTRIX ON BEHALF OF HER MINOR SON, BLAINE PUGH
v.
ST. TAMMANY PARISH SCHOOL BOARD, STEVEN R. TRESCH, SR. AND CAMILLE ANN JACOBSEN TRESCH, INDIVIDUALLY AND AS PARENTS OF THE MINOR, STEVEN R. TRESCH, JR., AND STEVEN R. TRESCH, JR., INDIVIDUALLY; MR. AND MRS. COOK, INDIVIDUALLY AND AS PARENTS OF THE MINOR, COREY COOK, AND COREY COOK, INDIVIDUALLY, COREGIS INSURANCE COMPANY, UNKNOWN INSURANCE COMPANY A, UNKNOWN INSURANCE COMPANY B, AND UNKNOWN INSURANCE COMPANY C
No. 2007 CA 1856
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
BRIAN G. MEISSNER, COVINGTON, LA, Counsel for Plaintiff/Appellant, BLAINE PUGH.
HARRY P. PASTUSZEK, Jr., DAVID S. PITTMAN, MANDEVILLE, LA, Counsel for Defendant/Appellee, St. Tammany Parish School Board.
Before: PARRO, KUHN, AND DOWNING, JJ.
DOWNING, J.
This appeal arises from an altercation between students at Fontainebleau High School in Mandeville, Louisiana, in which the plaintiff, Blaine Pugh[1] alleged that "without warning or provocation," he was knocked to the ground and kicked in the face by two other students, Steven R. Tresch, Jr. and Corey Cook. The trial court granted summary judgment in favor of St. Tammany Parish School Board (School Board), finding no genuine issues of material fact remained and that plaintiff had not shown he would be able to prove that the School Board had the prior notice or forewarning necessary to impose liability on it for damages resulting from the fight. From that judgment dismissing the School Board, plaintiff appeals; we affirm.
The petition sets forth that on August 29, 2003, near the beginning of the school year, Blaine Pugh, a freshman at Fontainebleau, was walking in the school's atrium when suddenly and without warning, he was punched on the side of the head, knocked to the floor, beaten, and kicked in the face. The alleged perpetrators do not deny the incident occurred as alleged.
At issue is the liability of the School Board, based on the school's alleged failure to adequately supervise the students. The School Board did not file affidavits or depositions with its motion for summary judgment, but pointed out that it had no prior notice of this unforeseeable and spontaneous attack. The School Board argued that based on the allegations in the petition, plaintiff would not be able to carry his burden of proof on the issue of notice at trial; and therefore, it could not be held liable.
The law governing a school board's liability for altercations among students at the schools under its supervision was succinctly summarized by our supreme court in Wallmuth v. Rapides Parish School Bd., 01-1779, p. 8 (La. 4/3/02), 813 So.2d 341, 346:
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. This duty does not make the school board the insurer of the safety of the children. Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision.
Before liability can be imposed upon a school board for failure to adequately supervise the safety of students, there must be proof of negligence in providing supervision and also proof of a causal connection between the lack of supervision and the accident.... Furthermore, before a school board can be found to have breached the duty to adequately supervise the safety of students, the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised.
(Citations omitted; emphasis added). The jurisprudence, as detailed in Wallmuth, reveals that the law is well settled that a school board cannot be independently liable and has no duty to constantly supervise for aberrant, unforeseeable incidents.
In the case before us, plaintiffs own petition alleges that the attack occurred suddenly and without any warning or provocation; i.e., that the incident was unforeseeable and unpreventable. The School Board argued that, based on the general and vague assertions in Pugh's petition concerning alleged complaints voiced by him and his stepfather to the school, plaintiff would be unable to prove at trial the factual support necessary to establish the level of notice required before liability could be imposed on the School Board. The plaintiff failed to present any evidence whatsoever in opposition to the motion to show that it, indeed, would have factual support to prove the allegation that the School Board had the requisite notice. The trial court granted the School Board's motion, and we find no error for the reasons that follow.
Most recently, in Samaha v. Rau, 07-1726 (La. 2/26/08), ___ So.2d ___, our supreme court reiterated the burden of proof on summary judgments after the 1997 amendments. The law now first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover, normally, and in this case, the School Board could meet that burden by submitting affidavits or by pointing out the absence of factual support for an essential element in the opponent's case. Here, the School Board pointed out the lack of a factual basis for one of plaintiff's elements of proof, i.e., the requisite level of notice possessed by the School Board. At that point, Pugh, the party who bears the burden of proof at trial, must come forth with evidence (affidavits, depositions, or discovery responses in the record) that demonstrate that he will be able to meet his burden at trial. The failure of the non-moving party, here, plaintiff Pugh, to produce evidence of a material fact in dispute mandates the granting of the motion.
Clearly, under the holdings of Wallmuth and Samaha, the trial court did not err in granting the School Board's motion for summary judgment on the showing made. Accordingly, the judgment is affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.
PARRO, J., dissenting.
I respectfully dissent from the majority opinion because I do not believe that the St. Tammany Parish School Board (School Board) properly supported its motion for summary judgment. In my opinion, the School Board failed to carry its initial burden of proof in this matter; thus, the burden never shifted to the plaintiff to show support for his claims.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 06-0363 (La. 11/29/06), 950 So.2d 544, 546. Appellate courts review summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La. 1/21/04), 864 So.2d 129, 137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See LSA-C.C.P. art. 966(B).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Sabin v. Winn-Dixie Louisiana, Inc., 00-0078 (La. 6/30/00), 764 So.2d 37, 40; see also, LSA-.C.C.P. art. 967(B).[1]
The motion for summary judgment at issue in this matter arose in the context of a suit filed against the School Board and other defendants for damages sustained by Blaine Pugh (plaintiff) when he was attacked by two fellow students while on school grounds. A school board, through its agents and teachers, owes a duty of reasonable supervision over its students. Wallmuth v. Rapides Parish School Board, 01-1779, 01-1780 (La. 4/3/02), 813 So.2d 341, 346; see LSA-C.C. art. 2320. To establish a claim against a school board for failure to adequately supervise the safety of its students, a plaintiff must prove: (1) negligence on the part of the school board, its agents, or teachers in providing supervision; (2) a causal connection between the lack of supervision and the accident; and (3) that the risk of unreasonable injury was foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. Id.
As the movant, the School Board had the initial burden of proof for purposes of seeking summary judgment pursuant to LSA-C.C.P. art. 966(C)(2). However, as a defendant in this matter, the School Board would not bear the burden of proof on the issue of fault at trial; therefore, it was only required to point out to the court that there was an absence of factual support for one or more elements essential to the plaintiff's action. The School Board attempted to point out to the court that there was an absence of factual support for an essential element of the plaintiff's cause of action by arguing in its memorandum that the plaintiff was unable to prove that the School Board had the requisite prior notice of the attack. Specifically, the School Board asserted in its memorandum in support of the motion for summary judgment that "[t]he unprovoked spontaneous sucker punch attack by Cook and [Tresch] would not have been foreseeably, constructively or actually known or preventable by the Board under these circumstances, since not Cook, Tresch or Pugh knew that an attack would occur on August 29, 2003 prior to class until Cook spontaneously threw the first punch." However, in attempting to meet this burden, the School Board did not support its motion with any affidavits, depositions, or other evidence to point out the alleged lack of support for this element of the plaintiff's case, nor did it identify those portions of the pleadings that it believed demonstrated the absence of a genuine issue of material fact. Instead, the School Board offered mere argument and conclusory statements in its memorandum contending that it did not have notice.
The majority relies on the recent supreme court decision of Samaha v. Rau, 07-1726 (La. 2/26/08), ___ So.2d ___, as support for its apparent holding that a defendant need offer only the self-serving argument of its memorandum to point out the lack of factual support for the plaintiff's claim and meet its initial burden of proof. However, in my view, Samaha cannot be read so broadly. To do so would negate the requirements of LSA-C.C.P. arts. 966(C)(2) and 967(A) and (B), as repeatedly reinforced by the jurisprudence,[2] that it is only after the motion has been made and properly supported that the burden shifts to the non-moving party.
In Samaha, the plaintiffs filed suit against Dr. Rau, alleging medical malpractice in his treatment of Mrs. Samaha. Dr. Rau filed a motion for summary judgment, contending that the plaintiffs lacked the necessary expert medical testimony to support their claims against him. In support of the motion, Dr. Rau relied upon: (1) a certified copy of the unanimous opinion of the medical review panel, which found no deviation from the standard of care on the part of the doctor; (2) an affidavit of correction to the panel opinion by the attorney chair of the medical review panel; and (3) a copy of the plaintiffs' answers to interrogatories and a request for production of documents.[3] After the trial court granted the motion for summary judgment, the plaintiffs appealed, and a different panel of this court reversed.
According to the First Circuit, Dr. Rau did not properly support his motion for summary judgment with either an affidavit or deposition from an expert medical provider to prove that his medical treatment of Mrs. Samaha was not below the applicable standard of care. The First Circuit concluded that without such evidence, Dr. Rau did not meet his initial burden of showing that he was entitled to summary judgment as a matter of law. Thus, the court determined that the burden never shifted to the plaintiffs to show support for their claims.[4]
In reversing the First Circuit, the supreme court determined that because Dr. Rau did not bear the burden of proof at trial, he did not have the burden of disproving the plaintiffs' claim of medical malpractice. Rather, the supreme court stated that Dr. Rau only had to raise as the basis for his motion that the plaintiffs could not support their claim without expert medical testimony. Samaha, 07-1726 at pp. 6-7 (slip opinion). However, the supreme court did not suggest that Dr. Rau could simply raise this issue by argument in his memorandum, without any other support. In fact, the supreme court specifically referred to the support offered by Dr. Rau and concluded that he had satisfied his initial burden on summary judgment by filing the motion "and attaching the plaintiffs' discovery responses." Id. at p. 7 (slip opinion). Thus, although the Samaha court concluded that Dr. Rau was not required to support his motion with expert medical testimony to disprove medical malpractice, the court did require that the movant provide some documentary support for the motion.[5] The Samaha court determined that, "once the plaintiff's lack of proof was claimed, and supported by the plaintiffs' answers to interrogatories pursuant to [LSA-C.C.P. art.] 967," the burden of proof shifted to the plaintiffs under the clear provisions of LSA-C.C.P. art. 966(C)(2), Samaha, 07-1726 at pp. 11-12 (slip opinion).
The circumstances in Samaha are in stark contrast to those of the instant matter. In this case, the School Board attached no discovery or other documentary evidence to support its motion. Instead, the School Board based its argument on one paragraph in the plaintiff's petition, in which the plaintiff had alleged that the attack on the plaintiff had occurred "viciously and without warning or provocation." However, the School Board ignores a subsequent paragraph in the petition in which the plaintiff alleges a breach of the duty of reasonable supervision over its students, as follows:
Blaine Pugh, as well as his stepfather, had voiced numerous complaints to school administrators, teachers and other school employees of Fontainebleau High School about the harassment and threats by Steven R. Tresch, Jr. and Corey Cook. Despite having first-hand knowledge of the abuse, harm and intimidation being continually perpetrated against Blaine Pugh by Steven R. Tresch, Jr. and Corey Cook, and despite having received more than adequate warning of an impending attack, school administrators and others employed at Fontainebleau High School failed and/or refused to take action sufficient to protect Blaine Pugh and prevent the physical and other injuries he sustained as a result of the assault by Steven R. Tresch, Jr. and Corey Cook.
In my view, this paragraph must be read in connection with the other paragraph of the plaintiff's petition relied on by the School Board, and in doing so, it is readily apparent that the School Board has failed to point out that there is an absence of factual support for one or more elements essential to the plaintiff's claim of fault by the School Board. Having failed to meet its initial burden of proof by merely relying on a portion of the pleadings without other documentary evidence to support its motion, genuine issues of material fact are present.[6] Therefore, the motion for summary judgment was improperly granted. Accordingly, I respectfully dissent.
NOTES
[1] The original suit was brought on behalf of Blaine, as a minor, by his mother, Deborah Pugh. However, by the time judgment was rendered, Blaine had reached the age of majority and was substituted as party plaintiff.
[1] Louisiana Code of Civil Procedure article 967 (B) provides:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
[2] See Costello, 864 So.2d at 137-38; Babin, 764 So.2d at 39-40; Hardy v. Bowie, 98-2821 (La. 9/8/99), 744 So.2d 606, 609-10,
[3] In addition to the argument of their memorandum, the plaintiffs supported their opposition to the motion with the same answers to interrogatories and request for production of documents submitted by the doctor.
[4] Samaha v. Rau, 06-0561 (La. App. 1st Cir. 5/4/07), 961 So.2d 447, 449.
[5] In Samaha, 07-1726 at p. 7 (slip opinion), the supreme court, quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), specifically stated that the movant:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
[6] Because the motion for summary judgment was not properly supported, the opposing party may rely on the mere allegations of his pleadings to demonstrate that a genuine issue of material fact exists. See LSA-C.C.P. art. 967(B).