SUSAN BRIGGS, DANIEL HOWELL, SAMUEL HOWELL, MICHAEL HOWELL, TIMOTHY HOWELL, AND THE ESTATE OF EMMA JEAN HOWELL
v.
LOUISIANA EXTENDED CARE CENTERS, INC. d/b/a HERITAGE MANOR OF MANDEVILLE, LECC MANDEVILLE, INC. d/b/a HERITAGE MANOR OF MANDEVILLE, MAGNOLIA MANAGEMENT CORPORATION, MAGNOLIA MANAGEMENT SERVICES OF LOUISIANA, INC., TIMOTHY RIDDELL, M.D., AND DOES ONE THROUGH TWENTY, INCLUSIVE.
No. 2006 CA 2497.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
JACK W. HARANG, Attorney for Plaintiffs-Appellants, Susan Briggs, et al.
CHARLES BLAIR BRIGHT, Attorney for Defendants-Appellees, Louisiana Extended Care Centers, Inc., et al.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
WELCH, J.
In this medical malpractice action, the plaintiffs appeal the trial court's grant of partial summary judgment in favor of the defendant nursing home. For the reasons that follow, we reverse the judgment of the trial court and remand.

FACTS AND PROCEDURAL HISTORY
On February 17, 2004, the plaintiffs, Susan Briggs, Daniel Howell, Samuel Howell, Michael Howell, Timothy Howell and the Estate of Emma Jean Howell, filed suit against defendants, LECC Mandeville, Inc., d/b/a Heritage Manor of Mandeville, Magnolia Management Corporation, and Magnolia Management Services of Louisiana, Inc. ("Heritage Manor"), arising from the treatment of Emma Jean Howell while she was a resident in the facility from July 23, 2000, until her death on August 15, 2000.[1] Alleging breach of contract, negligence, breach of fiduciary duty, negligent and intentional infliction of emotional distress, violations of the Nursing Home Residents' Bill of Rights Act ("NHRBRA"), and wrongful death, decedent's adult children sought damages for injuries to their deceased mother as well as monetary damages for themselves.
Mrs. Howell was admitted to Heritage Manor with terminal lung cancer and diabetes mellitus. Plaintiffs allege that Heritage Manor failed to properly monitor Mrs. Howell and take necessary measures to prevent complications from her diabetes mellitus. Plaintiffs contend, as a result, she suffered numerous episodes of hypoglycemia, which also were mismanaged by the facility. Plaintiffs also assert that Mrs. Howell's lung cancer placed her at enhanced risk for respiratory complications and discomfort. Notwithstanding, plaintiffs allege that the Heritage Manor staff failed to provide care and services to maximize Mrs. Howell's respiratory abilities. As a result thereof, plaintiffs contend Mrs. Howell suffered preventable respiratory distress, causing her unnecessary worry and discomfort. Moreover, plaintiffs allege the staff failed to properly assess and respond to Mrs. Howell's pain, failed to monitor her bladder and bowel needs, were neglectful in assisting her with trips to the bathroom, bathing and dressing her, even though she was dependent upon facility staff to render assistance. Plaintiffs allege that the facility failed to maintain Mrs. Howell in a clean and dignified manner and to treat her with the dignity and respect that should be afforded all human beings.
The lawsuit was instituted after the matter was submitted to a medical review panel,[2] which, on November 24, 2003, concluded that the defendant met the applicable standard of care and, more specifically that: (1) defendant monitored the patient appropriately and closely; (2) backup testing and therapeutic equipment was available as needed; and (3) the staffmg and facilities were appropriate for the patient's care.
On February 10, 2005, Heritage Manor filed a motion for partial summary judgment contending that plaintiffs lacked the necessary expert testimony to establish their claims for medical malpractice and/or breach of the standard of care with respect to the nursing care provided to Mrs. Howell during her stay at Heritage Manor. Plaintiffs filed an opposition to the motion, and the matter was heard on May 15, 2006. At the conclusion of the hearing, the matter was taken under advisement.[3] On June 27, 2006, the trial court filed written reasons for judgment granting the motion for partial summary judgment of Heritage Manor. A written judgment granting the motion was signed on August 14, 2006.
On February 14, 2007, this court observed there had been no designation by the trial court that the judgment was a final judgment after an express determination that there was no just reason for delay as required by the La. C.C.P. art. 1915(B), and issued a rule to show cause requiring the parties to demonstrate there had been a designation of the judgment in accordance with Motorola, Inc. v. Associated Indemnity Corporation, XXXX-XXXX (La. App. 1st Cir. 10/22/03), 867 So.2d 723. On March 14, 2007, the trial court signed an order, which states "let the Judgment dated August 14, 2006[,] be designated a Final Judgment for purposes of Appeal pursuant to La. C.C.P. Art[.] 1915 (B)." Plaintiffs responded by filing a motion to supplement the record on appeal with a copy of the March 14, 2007 order. On May 14, 2007, this court granted the motion and order to supplement the record.

DISCUSSION
In their sole assignment of error, plaintiffs assert that the "true copy" opinion of the medical review panel submitted by Heritage Manor in support of its motion for summary judgment, unsupported by testimony or affidavits, is not competent evidence to carry its burden of proof to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. We agree.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. MSOF Corp. v. Exxon Corp., XXXX-XXXX, p. 17 (La. App. 1st Cir. 12/22/05), 934 So.2d 708, 720, writ denied, XXXX-XXXX (La. 10/6/06), 938 So.2d 78. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); MSOF, Corp., XXXX-XXXX at pp. 6-7, 934 So.2d at 714.
The applicable substantive law determines the materiality of facts relative to a summary judgment motion. See Colver v. Travelers Ins. Companies, 95-1696, p. 6 (La. App. 1st Cir. 11/8/96), 685 So.2d 179, 183, writ denied, 96-2928 (La. 2/21/97), 688 So.2d 516. Thus, to prevail in a medical malpractice case, the plaintiff must establish the standard of care applicable to the charged health care provider, a violation by the health care provider of that standard of care, and a causal connection between the health care provider's alleged negligence and the plaintiffs injuries resulting therefrom. La. R.S. 9:2794(A); Walston v. Lakeview Regional Medical Center, 99-1920, p. 5 (La. App. 1st Cir. 9/22/00), 768 So.2d 238, 241, writ denied, 2000-2936 (La. 12/15/00), 777 So.2d 1229. Generally, a plaintiff must introduce the testimony of an expert witness to establish the applicable standard of care and a violation thereof, unless the defendant physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts. Pfiffner v. Correa, 94-0924, 94-0963, and 94-0992, pp. 1-2 (La. 10/17/94), 643 So.2d 1228, 1230; Gisclair v. Bonneval, 2004-2474, p. 5 (La. App. 1st Cir. 12/22/05), 928 So.2d 39, 42.
In the instant case, the defendant submitted into evidence a certified copy of the opinion of the medical review panel as support for its motion for summary judgment. However, the opinion, by law, is not conclusive on the issue of liability. See La. R.S. 40:1299.47(H);[4] Carter v. Hebert, XXXX-XXXX, p. 4 (La. App. 1st Cir. 9/20/06), 943 So.2d 1191, 1193; Simmons v. Berry, 98-0660R, p. 7 (La. App. 1st Cir. 12/22/00), 779 So.2d 910, 915.
We have held that La. R.S. 40:1299.47(H) "does not in any way broaden the avenues available to medical malpractice litigants utilizing summary judgment proceedings, unless the deposition of a medical doctor who served on the medical review panel is taken or his opinion is put in the form of a sworn affidavit. If presented in an affidavit form or by deposition, the expert's opinion may be admissible if it meets the standards of Daubert-Foret." Carter, XXXX-XXXX at p. 4, 943 So.2d at 1193 (quoting Simmons, 98-0660R at pp. 7-8, 779 So.2d at 916).
Here, Heritage Manor did not support its motion for summary judgment with an affidavit or deposition from an expert medical provider to establish that its medical treatment of Mrs. Howell was not below the applicable standard of care. Without such evidence, we conclude that Heritage Manor failed in the threshold requirement of showing that it is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B) & (C)(1). Therefore, the burden never shifted to plaintiffs to require them to show support for their claims. See La. C.C.P. art. 966(C)(2).[5] Accordingly, the trial court erred in granting summary judgment to Heritage Manor, and we reverse the judgment of the trial court.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting partial summary judgment in favor of LECC Mandeville, Inc., d/b/a Heritage Manor of Mandeville, Magnolia Management Corporation and Magnolia Management Services of Louisiana, Inc. is hereby reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against LECC Mandeville, Inc., d/b/a Heritage Manor of Mandeville, Magnolia Management Corporation, and Magnolia Management Services of Louisiana, Inc.
REVERSED AND REMANDED.
NOTES
[1] Plaintiffs also sued Timothy Riddell, M.D., who was subsequently dismissed from this litigation on an unopposed motion for summary judgment. Louisiana Extended Care Centers, Inc. d/b/a Heritage Manor of Mandeville was also named a defendant, but was dismissed on May 15, 2006 pursuant to a stipulation on a defense exception of a no right/no cause of action.
[2] Plaintiffs allege that some of their claims fall under the Medical Malpractice Act ("MMA"), and therefore, a petition was submitted to the Medical Review Panel for proceedings pursuant to the MMA.
[3] At the hearing on the motion, plaintiffs voluntarily dismissed their wrongful death claims, conceding that they could not prove that any breach of the standard of care was a cause in fact of, or accelerated, Mrs. Howell's death.
[4] Louisiana Revised Statutes 40:1299.47(H) provides, in pertinent part:

Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness. If called, the witness shall be required to appear and testify.
[5] Accordingly, we do not address whether the affidavit of Dolores Alford, B.S.N.Ed., M.S.N., Ph.D., submitted by plaintiffs as evidence contradicting the medical review panel's findings is competent summary judgment evidence to defeat Heritage Manor's motion had it been properly supported.